**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cecil A. MILLER, Defendant–Appellant.**

No. 92–1238.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 22, 1992.

Decided Jan. 14, 1993.

Timothy M. Morrison (argued), Office of the United States Attorney, Indianapolis, IN, for plaintiff-appellee.

Martin E. Solomon (argued), Solomon & Solomon, Indianapolis, IN, for defendant-appellant.

Before POSNER and COFFEY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

HARLINGTON WOOD, Jr., Senior Circuit Judge.

Cecil A. Miller appeals his conviction for possessing firearms in violation of 18 U.S.C. § 922(g)(1). For reasons stated below, we reject Miller's arguments and affirm the jury's verdict.

## I. BACKGROUND

Farming marijuana can be a risky business. Given this reality, it was not surprising to Indianapolis gang members that a Kentucky marijuana grower should show up on their doorsteps in October 1990 seeking to purchase guns. Trying to accommodate their colleague, one of the gang members placed a phone call. A short time later, a man drove up to the gang leader's house with two shotguns in his car. In a transaction that lasted approximately ten minutes, the Kentucky marijuana grower purchased the weapons for $175 and then left the premises.

Far from being a satisfied customer, the Kentucky marijuana grower was in truth an Indiana detective participating in an un-

dercover investigation of "The Hellraisers" gang. Detective Dine later identified the gun dealer as being Cecil A. Miller, a convicted felon. Miller was subsequently indicted and convicted of violating 18 U.S.C. § 922(g)(1), which makes it unlawful for a convicted felon to possess firearms or ammunition. On January 22, 1992, the district court held a sentencing hearing and at its conclusion sentenced Miller to 240 months imprisonment followed by a supervised release term of five years. The next day Miller filed his notice of appeal. The district court properly exercised jurisdiction under 18 U.S.C. § 3231, and as the appeal was timely, this court has jurisdiction pursuant to 28 U.S.C. § 1291.

## II. ANALYSIS

On appeal, Defendant advances two arguments for overturning his conviction: 1) the evidence was not sufficient to identify Miller as the gun dealer; and 2) the district court erred when it sustained the Government's objection to Miller's question as to whether a wiretap had been placed at the gang leader's house.

### A. *The Eyewitness Identification*

■ Miller contends that as a matter of law the evidence identifying him as the gun dealer was not sufficient and his conviction should be reversed. As we noted in *United States v. Duprey*, 895 F.2d 303 (7th Cir.1989), *cert. denied*, 495 U.S. 906, 110 S.Ct. 1927, 109 L.Ed.2d 291 (1990), a defendant challenging the sufficiency of the evidence bears a heavy burden. For in our evaluation of such a claim, we must review the evidence and all reasonable inferences which can be drawn from it in the light most favorable to the Government. After so doing, we ask whether any rational trier of fact, viewing the evidence and inferences as we have, could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 310. "Only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt, may an appellate court overturn the verdict." *Brandom v. United States*, 431 F.2d 1391, 1400 (7th Cir.1970), *cert. denied*,

400 U.S. 1022, 91 S.Ct. 586, 27 L.Ed.2d 634 (1971); *accord United States v. Crockett*, 979 F.2d 1204, 1212 (7th Cir.1992).

■ Defendant argues the jury was irrational in believing that Detective Dine could accurately identify Miller as the gun dealer, based on a ten-minute, face-to-face transaction. Defendant, however, fails to cite any authority for the proposition that ten minutes of observation is insufficient to support an identification. To the contrary, this court has supported convictions based on identifications made after much shorter periods of observation. *See, e.g., United States v. Johnson*, 859 F.2d 1289, 1296 (7th Cir.1988) (two minutes observation sufficed for tellers to identify bank robber).

Detective Dine testified at trial; the Defendant attacked Dine's credibility on cross-examination; the jury chose to believe the detective. Based on our review of the record, we cannot say the jury acted irrationally, and we therefore reject Defendant's challenge to the sufficiency of the identification evidence.

### B. *The Wiretap Objection*

Defendant next turns his argument away from the jury and aims it instead at the district court judge. Miller contends the court erred when it sustained the Government's objections to questions regarding the existence of a wiretap at the gang leader's house. During the defense's cross-examination of Detective Dine, the following exchange occurred:

Defense: And did you not have probable cause at that time to have a telephone tap placed on the ...

Government: Objection, your Honor.

Court: Sustained.

Defense: Was there a telephone tap placed at 516 South Temple?

Government: Objection.

Court: Sustained.

By sustaining the Government's objections, Miller contends relevant evidence was excluded. Defendant argues that if a wiretap was in existence at the gang leader's house, then it would be possible to

learn the identity of the person who was called on to deliver guns to the purported Kentucky marijuana grower. This would in turn, Defendant argues, prove the identity of the person who indeed did deliver the guns. Alternatively, Miller contends that if his question had been asked and the answer was that there had been no wiretap, that would somehow undercut the credibility of Detective Dine's identification or the thoroughness of the Hellraiser investigation. Either way, Miller feels that by sustaining the objections, the trial court adversely affected his substantial rights and the judgment should be reversed and the case remanded for a new trial.

█ Defendant's call to action is broad, but our standard of review is narrow. We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *United States v. Bigelow*, 914 F.2d 966, 971 (7th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1077, 112 L.Ed.2d 1182 (1991); *see also United States v. Allen*, 930 F.2d 1270, 1273 (7th Cir.1991) (reviewing court gives deference to trial court's evidentiary rulings).

█ In this case, it is debatable whether the questions would have elicited relevant testimony. On appeal, the Government contends, and the Defendant does not dispute, that there was no wiretap on the gang leader's telephone. The Government notes further that had there been a wiretap, it would have been obliged in pretrial discovery to disclose this fact. But even ignoring these post-trial statements and assuming the testimony would have been relevant, we believe any error in excluding this evidence was harmless. The crucial issue in this case is not whether Cecil Miller was the person who was called on the phone to deliver the shotguns, the crucial issue is whether Cecil Miller was the man who drove up to the gang leader's house with two shotguns in his possession. Cecil Miller was sentenced to twenty years in prison for being a felon in possession of firearms, not for being on the receiving end of a telephone call.

As we recently noted in *United States v. Saunders*, 973 F.2d 1354 (7th Cir.1992),

"We will overturn a conviction on evidentiary grounds only if the erroneous ruling had a 'substantial influence over the jury.'" *Id.* at 1359 (quoting *United States v. Fairman*, 707 F.2d 936, 941 n. 5 (7th Cir.1983)); *see also* 28 U.S.C. § 2111 (appellate court gives judgment without regard to errors which do not affect substantial rights of parties); Fed.R.Crim.P. 52 (error which does not affect substantial rights shall be disregarded); Fed.R.Evid. 103(a) (decision to exclude evidence is not error unless substantial right affected); *United States v. Pretel*, 939 F.2d 233, 239 (5th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 327, 116 L.Ed.2d 267 (1991) (evidentiary rulings affirmed unless they impair substantial right of complaining party). The omitted evidence, even if relevant, fell short of that standard; Defendant was not thereby limited in attacking Detective Dine's eyewitness identification nor in supporting his own alibi defense. In short, if there was error, we deem such error harmless and therefore will not overturn the conviction.

### III. CONCLUSION

For the above reasons, we affirm Miller's conviction.

AFFIRMED.