UNITED STATES of America,
Plaintiff–Appellee,

v.

Jeffrey A. SPAENI, Defendant–Appellant.

No. 94–3084.

United States Court of Appeals,
Seventh Circuit.

Argued April 12, 1995.

Decided July 13, 1995.

Robert Anderson, Asst. U.S. Atty., Madison, WI (argued), for plaintiff-appellee.

Ralph A. Kalal, Kalal & Associates, Madison, WI (argued), for defendant-appellant.

Before CUMMINGS and RIPPLE, Circuit Judges, and WILL, District Judge.[*]

WILL, Senior District Judge.

Defendant Jeffrey A. Spaeni was convicted by a jury of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846. He appeals his conviction and sentence, claiming that the government constructively amended the indictment by presenting at trial evidence of alleged conspiratorial acts that occurred prior to the date charged in the indictment. For the following reasons, we affirm.

## BACKGROUND

On March 12, 1994, Jeffrey Spaeni was arrested in Madison, Wisconsin, after Dane County Narcotics officers found half a kilogram of cocaine in the car Spaeni was driving. The presence of the cocaine was no surprise to the officers, who, based on information provided by a confidential informant, had been surveilling Spaeni's house for several days in anticipation of a cocaine delivery. Earlier that day, the officers had apprehended Terry Dover, a known drug dealer, minutes after he was seen leaving the Spaeni residence. At the time of his arrest, Dover had in his possession approximately 231 grams of cocaine. Dover immediately informed officers that he had procured the cocaine from Jeffrey Spaeni. After Jeffrey Spaeni's arrest, the police also arrested his brother, Greg Spaeni, with whom Jeffrey lived.

Soon after their arrests, both Terry Dover and Greg Spaeni gave statements to the police. Based on the information provided, the government believed that Jeffrey and Greg Spaeni were involved in a conspiracy to distribute cocaine and that the conspiracy was in existence from at least January 1994 through March 12, 1994. At that time, the government knew that Jeffrey Spaeni had

been purchasing cocaine on a regular basis from Kandace Doiron, who lived in Milwaukee, and that Greg Spaeni had been acting as a courier for his brother by making trips to Milwaukee to obtain kilogram quantities of cocaine.

On March 30, 1994, a Grand Jury returned an indictment charging Jeffrey Spaeni and Greg Spaeni with possession of cocaine with intent to distribute and conspiracy to possess cocaine with intent to distribute. Most relevant to this case, count two of the indictment charged that from on or about January 1994 to March 12, 1994, Jeffrey and Greg Spaeni, and other known and unknown co-conspirators, conspired to possess cocaine with intent to distribute.

Due to the bare-bones nature of the conspiracy charge, Jeffrey Spaeni moved for a bill of particulars in order to obtain more information about the alleged conspiracy. The government originally opposed the motion, but eventually provided the bill of particulars. Although the indictment stated that the conspiracy began in January 1994, the bill of particulars described acts that had occurred in furtherance of the conspiracy starting as early as 1992.

In essence, the bill of particulars stated that Jeffrey Spaeni had been the sole customer of Kandace Doiron since the middle of 1992, and that she had supplied kilogram quantities to him at least monthly during the year before his arrest. Ms. Doiron obtained the cocaine from Guadalupe Mata and, later, after Mr. Mata's death, from Beto Lechuga. At times, Jeffrey Spaeni would travel to Milwaukee to obtain the cocaine from Doiron, sometimes accompanied by Greg Spaeni. On four or five occasions, Greg Spaeni was sent by his brother to secure the cocaine.

Once Jeffrey Spaeni was in possession of the cocaine, he would distribute smaller amounts to other dealers, such as Terence Dover, Pat Verriden, and Jim Renda, for redistribution. Jeffrey Spaeni would "front" the cocaine to these dealers, who would then pay Spaeni from the proceeds before obtain-

---

[*] The Honorable Hubert L. Will, District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

ing the next quantity of cocaine. Spaeni obtained the kilogram quantities of cocaine from Doiron on the same consignment-type basis.

At trial, the government's opening statement paralleled the information provided in the bill of particulars. At the end of the government's opening argument, the defendant moved for a mistrial and judgment of acquittal on the conspiracy count, claiming that the government, by attempting to prove a conspiracy that began in 1992 instead of 1994, had constructively amended the indictment. Alternatively, the defendant requested a motion in limine to exclude the evidence of conspiratorial acts committed prior to 1994.

The government conceded that it intended to introduce evidence establishing that the conspiracy began earlier than January 1994, but claimed that under the law of this circuit it was entitled to do so. The government stated that it had learned of the longer duration of the conspiracy after the indictment had been returned and, rather than obtaining a superseding indictment, it chose instead to use the evidence of the earlier conspiratorial acts to establish and explain the conspiracy as charged in the indictment.

After confirming that the government intended to prove that the conspiracy existed from January to March 1994 by introducing evidence that established that the *same* conspiracy might have started considerably prior to January 1994, the district court denied the motions for mistrial and judgment of acquittal. The district court also denied the defendant's motion in limine and overruled the defendant's continuing objection to the admission of the evidence. During the remainder of the trial, the government introduced evidence of the earlier conspiratorial acts as proof of the charged conspiracy.

At the close of the evidence, the defendant again moved for mistrial and judgment of acquittal. The district court denied both motions. The jury found the defendant guilty of both counts. At the sentencing hearing, the district court found that during the course of the conspiracy Mr. Spaeni had possessed between 15 and 50 kilograms of cocaine and that he was a manager or supervisor in a conspiracy which involved at least five participants. On the basis of these findings, the district court imposed a 210–month sentence. Mr. Spaeni then filed this timely appeal.

## DISCUSSION

■ We review a denial of a motion for mistrial or judgment of acquittal de novo. *United States v. Sax*, 39 F.3d 1380, 1385 (7th Cir.1994). A trial court has broad discretion in assessing the admissibility of evidence and its rulings may be reversed only if the court has abused its discretion. *United States v. Miller*, 984 F.2d 201, 203 (7th Cir.1993).

On appeal, Mr. Spaeni contends that, by presenting evidence of the conspiracy predating by almost two years the conspiracy charged in the indictment, the government impermissibly broadened the indictment and thus committed reversible error. Spaeni relies on the holding of *United States v. Leichtnam*, 948 F.2d 370, 376 (7th Cir.1991), to support his position. In *Leichtnam*, we held that a broadening of the possible bases for a conviction from those contained in the indictment was reversible per se. *Id.* at 377.

Yet, even in *Leichtnam* we recognized that not all variances from the terms of the indictment are fatal. In fact, we consistently have allowed a variance or amendment to an indictment when it does not change an "essential" or "material" element of the charge and does not prejudice the defendant. *See, e.g., United States v. Cina*, 699 F.2d 853, 857 (7th Cir.), *cert. denied*, 464 U.S. 991, 104 S.Ct. 481, 78 L.Ed.2d 679 (1983). Further, only in rare cases is time a material element of a charged offense, even where continuing offenses such as conspiracy are alleged. *Id.* at 859. Therefore, "[u]nless the particular date is an element of the alleged offense, it is generally sufficient to prove that the offense was committed on any day before the indictment and within the statute of limitations." *United States v. Leibowitz*, 857 F.2d 373, 378 (7th Cir.1988), *cert. denied*, 489 U.S. 1088, 109 S.Ct. 1552, 103 L.Ed.2d 855 (1989).

■ Spaeni does not claim that the date of the charged conspiracy was a material element of the offense, nor does he claim that

he was prejudiced by the introduction of evidence relating to conspiratorial acts which occurred prior to 1994. But that is really beside the point, because the record establishes that the government never intended to expand the conspiracy beyond the dates contained in the indictment, but instead intended to use the evidence of the prior acts to explain how the conspiracy began and operated in order to provide a context for the jury to evaluate the alleged conspiratorial acts which occurred between January and March 1994.

■ As the government correctly argues, this circuit has a well-established line of precedent which allows evidence of uncharged acts to be introduced if the evidence is "intricately related" to the acts charged in the indictment. *See, e.g., United States v. Ramirez*, 45 F.3d 1096, 1102 (7th Cir.1995). Under this doctrine, evidence of uncharged criminal activity is admissible to provide the jury with a complete story of the crime on trial, to complete what would otherwise be a chronological or conceptual void in the story of the crime, or to explain the circumstances surrounding the charged crime. *See id.* and cases cited therein.

Here, the government introduced evidence to establish how the relationship between Spaeni, Doiron, and Mata began, how it continued, and how it was structured, both before and during the time period charged in the indictment. As the government argues, showing how the relationship of trust and cooperation developed between Spaeni and his suppliers, such that they would trust him with over $30,000 worth of cocaine on a "fronted" basis, was an integral part of proving that a conspiratorial agreement existed between them from January through March 1994. We have recognized the admissibility of evidence under similar circumstances. *See United States v. Zarnes*, 33 F.3d 1454, 1469 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 2286, 132 L.Ed.2d 288 (1995); *United States v. Diaz*, 994 F.2d 393, 395 (7th Cir.1993).

■ Thus, the only remaining question is whether the evidence was properly admitted under Federal Rule of Evidence 403. *See Ramirez*, 45 F.3d at 1103. We believe that the probative value of this evidence outweighed any unfair prejudice. In addition to providing the jury with a context in which to understand the conspiracy during the time period charged, the evidence also established that the members of the conspiracy had cooperated over a long period of time and had standardized their operations, both relevant factors in determining if a conspiracy existed. *See United States v. Kozinski*, 16 F.3d 795, 808 (7th Cir.1994).

In contrast to the probative value, the prejudice to the defendant was minimal. Spaeni cannot claim that he was surprised by the introduction of the evidence because he was notified of the government's intent to introduce evidence of the earlier acts when he received the bill of particulars. Further, the evidence that Spaeni was involved in a conspiracy between January and March 1994 was overwhelming, and although the district court did not specifically instruct the jury that it could only convict Spaeni if it found sufficient evidence of the conspiracy during the dates as charged, the government, in closing argument, advised the jury that, "you can't look at 1992 through 1993 and just find him guilty on that. You have to find what's in the indictment that we've charged; that this existed in January through March of 1994, and we have proven that to you." Tr. 2–92. The district court properly denied the motions for mistrial and judgment of acquittal and did not abuse its discretion when it admitted the evidence of the acts occurring prior to 1994.

■ We next turn to Spaeni's appeal of his sentence. In his briefs, Spaeni argued that the district court erred by using the evidence of the ongoing conspiracy to determine the drug quantity for the purpose of determining his sentence for the possession charge. However, at oral argument defendant conceded that his sentence would have been the same whether or not the evidence of events occurring prior to 1994 had been introduced at trial. Even if the district court had excluded from the trial *all* evidence that Mr. Spaeni was involved in the conspiracy prior to 1994, that evidence clearly would have been admissible during the sentence hearing.

The earlier transactions engaged in by Spaeni were "part of the same course of conduct or common scheme or plan as the offense of the conviction," consistent with the definition of relevant conduct as defined at U.S.S.G. § 1B1.3(a)(2). They were also part of the "jointly undertaken criminal activity" considered relevant conduct under U.S.S.G. § 1B1.3(a)(1). Since all of the evidence could have been introduced at the sentencing hearing, the defendant was not harmed by the district court's consideration of the evidence at sentencing.

Nevertheless, Spaeni argues that the alleged constructive amendment of the conspiracy charge had a prejudicial effect on his ability to defend himself at the sentencing hearing. Basically, he argues that because he believed that the constructive amendment of his indictment was reversible per se, he also believed that he could not take the stand during the sentencing hearing because his testimony could then be used against him in a subsequent retrial. This, he claims, was improper because he was forced to forego one constitutional right in order to preserve another.

Mr. Spaeni's argument is unavailing for several reasons. First, as discussed earlier, the government did not constructively amend the indictment. Therefore, Mr. Spaeni's belief that the alleged amendment was reversible error was incorrect. In addition, Mr. Spaeni raised this argument for the first time in his reply brief, thus waiving the argument by failing to raise it in his initial brief. *See* Circuit Rule 28(f). In any event, this circuit explicitly has rejected Mr. Spaeni's argument. *See United States v. Marshall*, 719 F.2d 887, 892 (7th Cir.1982) (rejecting the argument that at the sentencing hearing the defendant was not able to rebut the government's evidence without incriminating himself and therefore the evidence should not have been used against him).

### CONCLUSION

For the foregoing reasons, the district court's denial of defendant's motion for mistrial, motion for judgment of acquittal, and motion in limine are affirmed. The sentence imposed by the district court also is affirmed.