142 F.3d 441
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith SIMMONS, Defendant-Appellant.
 No. 96-4196.
 United States Court of Appeals, Seventh Circuit.
 April 27, 1998.
 
 1
 Appeal from the United States District Court, Central District of Illinois at Rock Island, No. 95 CR 40042.
 
 
 2
 CUMMINGS, CUDAHY, and KANNE, C.J.
 
 
 3
 Keith Simmons was charged with conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. After jurors in Simmons' first trial were unable to reach a verdict, the judge declared a mistrial. After jurors in Simmons' second trial found him guilty, he was sentenced to 324 months imprisonment. On appeal, Simmons challenges the district court's evidentiary rulings, the sufficiency of the evidence supporting his conviction, and his sentence. We affirm in all respects.
 
 I. Admission of Evidence
 
 4
 Simmons argues that the district court erred when it admitted evidence that predated the conspiracy described in the indictment as proof of the charged offense and when it admitted evidence of Simmons' other crimes. As we often have stated, the district court has broad discretion to admit or exclude evidence, we reverse only if the court has abused this discretion. See, e.g., United States v. Spaeni, 60 F.3d 313, 315 (7th Cir.1995).
 
 
 5
 With respect to the evidence admitted as proof of the charged conspiracy, the district judge allowed Officer Matthew Edwards to testify that he gave $65 to a paid informant and instructed the informant to purchase cocaine from Simmons. On both occasions, the informant returned with rocks that field tested positive for crack cocaine. These transactions took place on July 15 and 16, 1993. Simmons argues that because the indictment charged him with a conspiracy beginning "in about the summer of 1994, or before," the sales that took place in 1993 cannot be admitted as evidence of the charged conspiracy. But as a practical matter, the indictment includes the language "or before," and thus can be read as including activities that occurred in 1993.[1]
 
 
 6
 However, even if the indictment had not included the phrase "or before," the sales to the informant would nonetheless be admissible as proof of the conspiracy charged in the indictment. Simmons is, in essence, arguing that Officer Edwards' testimony constructively amended the indictment. See United States v. Leichtnam, 948 F.2d 370, 374 (7th Cir.1991). The Fifth Amendment guarantees that "felony charges must be framed by a grand jury and that a defendant may be tried ... only on the charges the grand jury approved, as it approved them, and no others." Id. at 375. However, not all departures or variances from the precise charges in the indictment constitute impermissible "amendments." See id. at 375-76. We consistently have allowed departures or variances when they do not change an "essential" or "material" element of the charged offense and do not prejudice the defendant. See Spaeni, 60 F.3d at 315. Simmons has not argued--and could not argue--that the date of the charged conspiracy is an essential element of his offense. We have explained that the time or date is rarely a material element, "even where continuing offenses such as conspiracy are alleged." United States v. Cina, 699 F.2d 835, 859 (7th Cir.1983); see Leichtnam, 948 F.2d at 376 ("proof ... that the charged crime was committed on a different date than the indictment alleges [ ] will not impermissibly amend the indictment--so long, in general, as the evidence shows that the offense was the one charged and that it was committed on a date before the indictment and within the statute of limitations.") Here the date on which the conspiracy began does not establish the very existence of the charged offense. Accordingly, the date is not a material element. See Cina, 699 F.2d at 859.
 
 
 7
 Simmons does assert that he suffered prejudice from the evidence regarding the 1993 sales to the informant. Officer Edwards' testimony may have been particularly damaging, as the other witnesses against Simmons were convicted felons or were cooperating with the government. But this is not the sort of prejudice that forbids a variance between the evidence presented at trial and the details of the indictment. Simmons only may argue prejudice if Officer Edwards' testimony deprived him of the opportunity to mount a defense. See id. at 859-60. Simmons, however, had ample notice that the government would use events from 1993 against him. Indeed, Officer Edwards offered substantially similar testimony at Simmons' first trial. Given that Simmons is unable to demonstrate prejudice, this is not the "rare" case in which the variance between the date argued at trial and the date in the indictment is legally significant. In sum, Officer Edwards' testimony was properly admitted.[2]
 
 
 8
 Simmons also argues that the district court erred when it admitted evidence of other crimes pursuant to Federal Rule of Evidence 404(b).[3] At trial, Bryce Scott testified that he occasionally sold cocaine to Simmons between late 1992 and late 1994. Simmons contends that this evidence was highly prejudicial and not probative of whether he was involved in the charged conspiracy.
 
 
 9
 To determine whether the district court abused its discretion by admitting Scott's testimony, we consider whether: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime; (2) the other act is close in time and similar enough to be relevant to the matter at issue; (3) there is sufficient evidence to support a finding that the defendant committed the other act; and (4) the probative value of the evidence is not outweighed by the danger of unfair prejudice. See United States v. Tringali, 71 F.3d 1375, 1379 (7th Cir.1995). In light of these factors, the district judge did not err in allowing Scott to testify.
 
 
 10
 First, the district court found that the evidence was directed toward Simmons' intent, motive and plan, not his propensity to commit narcotic-related crimes. The government argued that Simmons resold the cocaine be obtained from his co-conspirators. However, Simmons' relationship with his co-conspirators was intermittent; they did not provide him with a constant supply of drugs. The jury may have wondered how Simmons could have served a customer base when he lacked a regular supplier. Scott's testimony established that when Simmons was unable to obtain bulk quantities of cocaine from members of the charged conspiracy, he relied on alternative drub suppliers. This furthered the government's theory that Simmons was acquiring large quantities of cocaine for distribution. See, e.g., United States v. Wilson, 31 F.3d 510, 515 (7th Cir.1994); United States v. Briscoe, 896 F.2d 1476, 1498-99 (7th Cir.1990). Second, Simmons' purchases from Scott were similar and proximate to the acts taken in furtherance of the charged conspiracy. For example, both Simmons' co-conspirators and Scott sold drugs to Simmons at his father's house. And both the conspiracy and Simmons' relationship with Scott took place during the first several years of the 1990s. With respect to the third factor, there was sufficient evidence to support a finding that Simmons purchased cocaine from Scott. As the district court noted. "The witness is going to testify under oath that it was the defendant to whom he made those sales.... I think ... it's sufficient." Tr. at 204. Finally, the probative value of Scott's testimony was not outweighed by the danger of unfair prejudice. Scott testified that Simmons purchased cocaine from him at least 15 times, in amounts ranging from nine to eighteen ounces. This testimony was probative of Simmons' plan, motive, and intent to distribute cocaine; as the district judge observed, theses are "amounts not traditionally thought of as being for [personal] use only." Id. There is, of course, little doubt that Scott's testimony prejudiced Simmons. But most relevant evidence is prejudicial; "[e]vidence is unfairly prejudicial only if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." United States v. Curry, 79 F.3d at 1489, 1496 (7th Cir.1996) (internal quotation marks and citations omitted). As a means of guarding against unfair prejudice, the judge gave limiting jury instructions before Scott began his testimony and again at the end of trial. Given these instructions, the district judge did not abuse his discretion in deciding that probative value of Scott's testimony was not outweighed by unfair prejudice. See Tringali, 71 F.3d at 1379 (citing United States v. Lampkins, 47 F.3d 175, 180 (7th Cir.1995)).
 
 
 11
 In appealing from the denial of his motion for a judgment of acquittal, Simmons argues that the evidence presented at trial was insufficient to support a verdict of guilty. In reviewing this argument, we view the evidence in the light most favorable to the government. See United States v. Taylor, 116 F.3d 269, 271 (7th Cir.1997). We will uphold the jury's verdict if it is supported by substantial evidence and will reverse "only where the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." United States v. Herrera-Rivera, 25 F.3d 491, 498 (7th Cir.1994) (internal quotation marks and citations omitted). Given this stringent standard of review, we cannot disturb Simmons' conviction.
 
 
 12
 The crime of conspiracy to distribute and possess with intent to distribute cocaine requires proof that: (1) the conspiracy existed and (2) the defendant knowingly and intentionally became a member of the conspiracy. See Taylor, 116 F.3d at 271. At Simons' trial, the government presented several witnesses who testified to the existence of the conspiracy, as well as to Simmons' association with it. The government also offered telephone and pager records to corroborate the testimony and further connect Simmons to the conspiracy. Scott's testimony suggested that Simmons was accumulating substantial amounts of cocaine. And Officer Edwards testified that Simmons had in fact sold cocaine.
 
 
 13
 This evidence undoubtedly is sufficient to support the defendant's conviction. Simmons' only argument is that most of the witnesses against him were not credible, because they had something to gain from testifying against him and one was an admitted perjurer. But the jury was aware of the prior perjury and that witnesses were benefitting from their testimony." "It is the exclusive function of the jury to determine the credibility of the witnesses." United States v. Huels, 31 F.3d 476, 478 (7th Cir.1994) (internal quotation marks and citations omitted). When reviewing the denial of a motion for a judgment of acquittal, we simply do not secondguess the jury's credibility determinations. See Herrera-Rivera, 25 F.3d at 498. Accordingly, Simmons' challenge to his conviction must fail.
 
 III. Sentencing
 
 14
 Simmons' final argument relates to the quantity of cocaine attributed to him at sentencing. The district judge largely adopted the recommendations in the Presentencing Report (PSR) and held Simmons responsible for 2.403.3 grams of powder cocaine and 2.041.2 grams of crack cocaine. This yielded an offense level of 38. with an imprisonment range of 324 to 405 months. The court sentenced Simmons to 324 months.
 
 
 15
 The sentencing court is responsible for determining the quantity of drugs attributable to the defendant by a preponderance of the evidence. We review the court's findings for clear error, and will reverse only if we have a "firm and definite conviction that a mistake has been made." United States v. Golden, 102 F.3d 936, 944 (7th Cir.1996) (quoting United States v. Corral-Ibarra, 25 F.3d 430, 437 (7th Cir.1994)).
 
 
 16
 As with his challenge to the sufficiency of the evidence supporting his conviction. Simmons against complains about the credibility of the witnesses. The PSR relied on information provided by the same individuals who appeared against Simmons at trial. With the exception of Officer Edwards, these witnessed would not be described as "pillars of their communities." See United States v. Garcia, 66 F.3d 851, 857 (7th Cir.1995). But it is well-established that credibility judgments are "best left 'to the sound discretion of the district court, which has the advantage of having observed the demeanor of the witnesses...." ' United States v. Robinson, 96 F.3d 246, 253 (7th Cir.1996) (quoting United States v. Campbell, 985 F.2d 341, 347 (7th Cir.1993)). Here the judge stated that he had "no reason at this point to disbelieve what [the witnesses] testified to under oath or the information provided for the [PSR]." Sent. Tr. at 14. And the judge was particularly well-positioned to determine the credibility of the witnesses; he had presided over both of Simmons' trials and thus had ample opportunity to observe those who testified against Simmons and to assess whether they stories remained consistent over time.
 
 
 17
 Simmons also suggests that his sentence was not based on reliable information because of alleged contradictions between information provided for the PSR and testimony at trial. If such contradictions existed, we would have to remand for re-sentencing. When a sentencing court relies on one of two contradictory statements by a single witness, the court must address the contradiction and explain "why it credits one statement rather than the other." United States v. Acosta, 85 F.3d 275, 282 (7th Cir.1996) (quoting United States v. Duarte, 950 F.2d 1255, 1266 (7th Cir.1991)). But here there are no true inconsistencies between trial testimony and the PSR. For example, Simmons argues that the information provided by Joe Robinson is contradictory. At trial, Robinson testified about a sale to Simmons, but did not state the amount involved in the sale. For the PSR, Robinson reported that Simmons received nine ounces of powder cocaine. The testimony and the PSR are not inherently contradictory. Robinson did not report a different amount at trial; instead, he failed to mention any amount at all. Compare Acosta, 85 F.3d at 282 (witness testified that the smallest amount of cocaine obtained from the defendant was one-half ounce; later the same witness testified that the smallest amount was nine ounces). Because there were no true inconsistencies between the information provided for the PSR and at trial, the district judge did not have to explain why he decided to credit the PSR.
 
 
 18
 For the foregoing reasons, Simmons' sentence and his underlying conviction are
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 Simmons has not argued that the dates listed in the indictment were so imprecise as to render the indictment itself insufficient. See, e.g., United States v. Edmonson, 962 F.2d 1535, 1541 (10th Cir.1992), United States v. Laykin, 886 F.2d 1534, 1542-43 (9th Cir.1989); United States v. Hultgren, 713 F.2d 79, 89 (5th Cir.1983)
 
 
 [2]
 At trial, Simmons objected to the testimony on several other grounds. It is not clear whether Simmons wishes to resurrect these arguments on appeal--his brief mentions multiple objections in a single sentence. If Simmons intended to raise these arguments, his effort is unsuccessful. The court has "made clear that perfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)" United States v. Merkowitz, 927 F.2d 1376, 1384 (7th Cir.1991) (collecting authorities)
 
 
 [3]
 Rule 404(b) states, in relevant part:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....
 Fed.R.Evid. 404(b).