2016 ND 171

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Delvin Lamont SHAW, Defendant and Appellant.**

No. 20150190.

Supreme Court of North Dakota.

Aug. 31, 2016.

Carmell F. Mattison, Assistant State's Attorney, Grand Forks, N.D., for plaintiff and appellee.

Scott O. Diamond, Fargo, N.D., for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Delvin Shaw appealed from a criminal judgment entered after a jury found him guilty of murder and burglary. We reverse and remand, concluding the district court misapplied the law regarding the admissibility of evidence of other crimes or bad acts.

I

[¶ 2] In June 2014, the State charged Shaw with murder and burglary for allegedly shooting and killing Jose Lopez after breaking into his apartment. At trial, Dametrian Welch testified he accompanied Shaw to Lopez's apartment. Welch testified Shaw kicked the door open, got into an altercation with Lopez, and then shot Lopez four times. Welch testified that after the shooting, he confessed to the police about what happened at the apartment.

[¶ 3] Before trial, the State filed a notice indicating it intended to introduce testimony regarding Shaw's alleged involvement in an earlier burglary at the apartment one floor above Lopez's apartment four days before the murder. The State again stated at trial it intended to introduce testimony showing that, on the night of the murder, Shaw received a threat related to the earlier burglary and planned to return to the apartment to respond to the threat, but mistakenly went to Lopez's apartment. The State argued the evidence of the alleged earlier robbery was admissible to show Shaw had a plan, motive, and intent to return to the apartment building to respond to the threat. Over Shaw's hearsay objection, the district court allowed testimony from witnesses about the alleged earlier burglary. The court did not instruct the jury

about the limited use of the evidence regarding the earlier burglary, and the jury found Shaw guilty of murder and burglary.

II

[¶ 4] Shaw argues the district court erred in allowing evidence of his alleged involvement in the earlier burglary at Lopez's apartment building. Shaw argues the court failed to apply the required three-step analysis for considering the admissibility of prior bad act evidence under N.D.R.Ev. 404(b) and failed to give a jury instruction regarding the limited purpose of that evidence. Shaw also argues the testimony about the alleged earlier burglary prejudiced him and the court failed to consider whether, under N.D.R.Ev. 403, the danger of unfair prejudice substantially outweighed the probative value of the evidence.

[¶ 5] A district court's evidentiary ruling is reviewed under an abuse-of-discretion standard. *State v. Roe*, 2014 ND 104, ¶ 10, 846 N.W.2d 707. "A district court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably, or it misinterprets or misapplies the law." *State v. Chisholm*, 2012 ND 147, ¶ 10, 818 N.W.2d 707.

[¶ 6] A district court's error in admitting evidence under N.D.R.Ev. 404(b) is subject to review under N.D.R.Crim.P. 52. *State v. Thompson*, 552 N.W.2d 386, 390 (N.D.1996). Under N.D.R.Crim.P. 52, an error is harmless or obvious. A harmless error does not affect a defendant's substantial rights and must be disregarded. N.D.R.Crim.P. 52(a). An obvious error affects a defendant's substantial rights and is grounds for reversal. N.D.R.Crim.P. 52(b). To establish obvious error, a defendant must show error that is plain and affects substantial rights. *State*

*v. Steen,* 2015 ND 66, ¶ 7, 860 N.W.2d 470. "In analyzing obvious error, our decisions require examination of the entire record and the probable effect of the alleged error in light of all the evidence." *Id.* (quoting *State v. Olander,* 1998 ND 50, ¶ 12, 575 N.W.2d 658).

[¶ 7] We have "warned of the dangers inherent in allowing evidence of other acts to show propensity and of tempting a jury to convict a defendant for actions other than the charged misconduct." *State v. Aabrekke,* 2011 ND 131, ¶ 8, 800 N.W.2d 284 (quoting *State v. Schmeets,* 2009 ND 163, ¶ 15, 772 N.W.2d 623). Rule 404(b), N.D.R.Ev., governs the admissibility of evidence of a prior crime, wrong, or other act, and provides:

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The prosecutor must:

(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(B) do so before trial or during trial if the court, for good cause, excuses lack of pretrial notice.

The rule excludes admission of evidence of other crimes or bad acts unless the evidence is substantially relevant for some purpose other than to show a defendant's criminal character and that the defendant's acts conformed with that character. *Aabrekke,* at ¶ 8. "The rule recognizes the inherent prejudicial effect prior bad-act evidence may have on the trier of fact and limits the admissibility of that evidence to specifically recognized exceptions." *Id.*

[¶ 8] To decide whether evidence of other crimes or bad acts is admissible, the district court must apply a three-step analysis:

1) the court must look to the purpose for which the evidence is introduced; 2) the evidence of the prior act or acts must be substantially reliable or clear and convincing; and 3) in criminal cases, there must be proof of the crime charged which permits the trier of fact to establish the defendant's guilt or innocence independently on the evidence presented, without consideration of the evidence of the prior acts.

*Aabrekke,* 2011 ND 131, ¶ 9, 800 N.W.2d 284 (quoting *State v. Paul,* 2009 ND 120, ¶ 18, 769 N.W.2d 416). Generally, the third step is satisfied with a cautionary jury instruction about the admissibility of the evidence and its use for a limited purpose. *Aabrekke,* at ¶ 10; *Paul,* at ¶ 27; *State v. Micko,* 393 N.W.2d 741, 744 (N.D. 1986).

[¶ 9] If a district court concludes the three-part test has been satisfied, the evidence of other crimes or bad acts may still be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." N.D.R.Ev. 403(a). Thus, the court must "balance the probative value of the evidence against its prejudicial effect in determining whether to admit evidence of a defendant's past crimes." *Schmeets,* 2009 ND 163, ¶ 10, 772 N.W.2d 623 (quoting *State v. Raywalt,* 436 N.W.2d 234, 238 (N.D.1989)). Furthermore, if the State provides notice of its intent to introduce evidence of other crimes or bad acts under N.D.R.Ev. 404(b)(2)(A), "it provides an alert to the district [court] judge that

the N.D.R.Ev. 403 balancing test must be done." *Schmeets*, at ¶ 16.

[¶ 10] Approximately three months before trial, the State provided notice under N.D.R.Ev. 404(b)(2)(A) of its intent to introduce evidence of Shaw's alleged involvement in an earlier burglary at the same apartment building. At trial the State explained some of its witnesses' testimony would include information about the earlier burglary:

The other issue I wanted to bring up was the State filed a [N.D.R.Ev.] 404(b) notice back in March of [2015] and I anticipate some of the testimony today to include that 404(b) testimony, specifically the State is anticipating that there will be testimony about a threat that was coming in from the residence in the floor above the victim and that Defendant and the co-defendant [Dametrian Welch] were responding to this threat. It's offered under 404(b) to show proof of intent plan and motive for going over there that night.

THE COURT: And I have looked at that notice. As long as it is going to be—I am going to allow it as long as—my question is whether or not we want to instruct the Jury of its limited purpose. What's the State's position?

MS. MATTISON: The State isn't requesting that.

THE COURT: Mr. Shaw? The State is going to be offering some evidence for a limited purpose. Do you believe that we need to instruct the Jury regarding that limited purpose?

MR. SHAW: Basically it is hearsay, Your Honor.

THE COURT: Okay. All right. I know you were taking a look at some of those pictures. Ms. Mattison, I am just going to have you explain to Mr. Shaw what that evidence is. I am not sure that Mr. Shaw caught what you were

saying because he was looking at the pictures. I want to make sure he understands what it is that you are offering as evidence and its purpose.

MS. MATTISON: Certainly. I anticipate that witnesses today will testify that Marcel Welch and Mr. Delvin Shaw were responding to a threat from the residence in the apartment above the victim in this case. This testimony is being offered to show not that Mr. Shaw and Mr. Welch acted in conformity with this but to show under 404(b) plan, motive and intent. This testimony will consist of evidence that came out just hours prior to when they went over to the apartment building.

THE COURT: Mr. Shaw, I haven't received—I didn't receive a response from you with regard to that issue.

MR. SHAW: Sir, the comment that was made—or the statement that was made to law enforcement by a witness says that we was going to [Apartment 301]. This is to Lopez's residence so it's not the same residence. So basically it's hearsay, Your Honor.

THE COURT: Okay. I am going to allow the testimony. I'm not going to instruct the Jury at least initially. If it becomes apparent that it may have been in the way that it comes out we can do that in part of our closing instructions. At this juncture, I am not going to give the Jury any additional instructions.

[¶ 11] The State elicited testimony showing Shaw burglarized the apartment one floor above Lopez's apartment four days before Lopez was murdered. Mercedes Rich testified she participated in the earlier burglary with Shaw. Other witnesses testified they were with Shaw at a bar on the night of the murder and recalled hearing of a threat made against Shaw related to the earlier burglary. Af-

ter hearing of the threat against him, Shaw planned to return to the apartment to respond to the threat. The State offered this evidence to show Shaw had a plan, motive, and intent to return to the apartment building where the first burglary allegedly took place.

[¶ 12] "A common thread in our cases discussing the admissibility of evidence of prior bad acts requires the district court to conduct the necessary analysis under N.D.R.Ev. 404(b) and 403 and to provide appropriate limiting instructions for the permissible purposes for prior bad acts evidence." *Aabrekke*, 2011 ND 131, ¶ 15, 800 N.W.2d 284. The court must apply the three-step test to satisfy N.D.R.Ev. 404(b) and balance the evidence's probative value against its prejudicial effect under N.D.R.Ev. 403. *Aabrekke*, at ¶¶ 9–10.

[¶ 13] Here, the district court, the State, and Shaw discussed the evidence of the alleged earlier burglary. The State explained the evidence's limited purpose, and the court questioned whether the jury needed to be instructed on the evidence's limited purpose. Shaw argued the evidence was hearsay. While this discussion of the evidence's limited purpose arguably satisfied the first prong of the N.D.R.Ev. 404(b) analysis, the record does not show the court applied the remainder of the three-step analysis for the admissibility of the evidence regarding the earlier burglary.

[¶ 14] Under the second step of the analysis, the evidence of the other crime or bad act must be substantially reliable or clear and convincing. *Aabrekke*, 2011 ND 131, ¶ 9, 800 N.W.2d 284. "[I]n other words, the proponent of the evidence must reveal substantial and reliable proof of prior similar acts to permit admission of the evidence by the trial court." *Micko*, 393 N.W.2d at 744. The State presented testimonial evidence about the earlier burglary. Mercedes Rich testified she participated in the burglary with Shaw. Others testified about what they were told regarding the earlier burglary, which perhaps explains why Shaw objected to the evidence as hearsay. The court did not make a determination on the reliability of the evidence.

[¶ 15] The district court also failed to give a cautionary instruction to the jury to satisfy the final step of the N.D.R.Ev. 404(b) analysis. *See Aabrekke*, 2011 ND 131, ¶ 10, 800 N.W.2d 284. As discussed, the court questioned whether the jury needed to be instructed on the evidence's limited purpose and in response, the State stated it was not requesting an instruction. The court recognized the evidence was for a limited purpose and stated it may instruct the jury as part of the closing instructions, however, the record does not indicate the closing instructions included a cautionary instruction nor does the record reflect the reason the instruction was not given. The court should have given a cautionary instruction during trial and in its closing instructions or explained why the instruction was not given.

[¶ 16] Furthermore, the district court did not address whether, under N.D.R.Ev. 403(a), the probative value of the evidence of the earlier burglary was substantially outweighed by a danger of unfair prejudice to Shaw. Although the State alerted the court of its intent to introduce the evidence by providing notice under N.D.R.Ev. 404(b)(2)(A), the court did not balance the evidence's probative value against its prejudicial effect. *See Schmeets*, 2009 ND 163, ¶ 16, 772 N.W.2d 623.

[¶ 17] We conclude the district court misapplied the law and abused its discretion in admitting the evidence of the earlier burglary without the required analysis under N.D.R.Ev. 404(b) and 403 and

without giving a cautionary instruction on the limited purpose of the evidence. After reviewing the entire record, we cannot conclude the admission of the evidence of the earlier burglary without the required analysis and without a cautionary instruction was harmless error. *See Aabrekke*, 2011 ND 131, ¶¶ 15–16, 800 N.W.2d 284; *State v. Parisien*, 2005 ND 152, ¶ 26, 703 N.W.2d 306 ("Trial courts should place on the record their reasons for admitting or excluding prior-act evidence to show that they have complied with all of the N.D.R.Ev. 404(b) and 403 requirements."). We conclude the error denied Shaw of his right to a fair trial and affected Shaw's substantial rights. We reverse the judgment and remand for a new trial.

### III

[¶ 18] Shaw argues the district court abused its discretion in its treatment of two witnesses who violated a sequestration order. *See* N.D.R.Ev. 615 (a court may "order witnesses excluded so that they cannot hear other witnesses' testimony"). The court allowed testimony from the State's witness and disallowed testimony from Shaw's witness after the witnesses violated the sequestration order. Because we reverse the judgment and remand for a new trial, this issue is unlikely to arise on remand and we need not decide it. *See Aabrekke*, 2011 ND 131, ¶ 17, 800 N.W.2d 284; *Schmeets*, 2009 ND 163, ¶ 20, 772 N.W.2d 623.

### IV

[¶ 19] Shaw argues the district court's failure to admonish the jury before each break at trial affected his substantial rights and prejudiced him. The district court failed to admonish the jury before 10 of 17 breaks taken during trial. Shaw did not object to the court's failure to admonish the jury before each break and he has not demonstrated any prejudice. This issue is also not likely to arise on remand and we decline to decide whether the district court's failure to admonish affected Shaw's substantial rights. On remand, however, the court and parties must be aware of the legislature's directive under N.D.C.C. § 29–21–28, requiring the court to admonish the jury before each adjournment.

### V

[¶ 20] We reverse the judgment and remand for further proceedings.

[¶ 21] CAROL RONNING KAPSNER, LISA FAIR McEVERS and DANIEL J. CROTHERS, JJ., concur.

SANDSTROM, Justice, dissenting.

[¶ 22] I respectfully dissent.

[¶ 23] The majority reverses on the basis of the district court's not acting on an objection never made before or at trial and on the basis of the district court's not giving a limiting instruction that was never requested. The majority says there must be a new trial, even though the claimed "errors" made no difference.

[¶ 24] My premise is rather simple and is what the State argues. If the defense believes certain evidence is "prior bad acts" evidence and should be excluded because its probative value is exceeded by the danger of unfair prejudice, then it should clearly and explicitly object at the time. And if the defense wants a limiting instruction as to the use of some evidence, it should ask for it at the time.

### I

[¶ 25] The evening of the murder, Shaw and three others were at a bar when they received a call warning that Shaw and two others were going to be killed because of a burglary they had committed four

days before. Shaw and Marcel Welch decided they were going to take care of it. They went to the apartment building where they had committed the burglary. They had burglarized apartment 301 but went to apartment 201 by mistake. At apartment 201, they killed Jose Lopez.

[¶ 26] Evidence of the burglary helped establish the credibility of the threat and thus the motive "to take care of it." Others who were present when the threat was received testified to it. Welch, who participated in the killing, testified to the burglary leading to the threat leading to the murder. Others corroborated the threat received.

## II

[¶ 27] The majority does not assert that the testimony should not have come in at trial, only that the district court without request should have verbalized on the record why it would come in. The majority does not contend the result of the trial would have been any different had this unrequested verbalization taken place. It is as if we have traveled back more than a hundred years, before the time when it became the rule that an error had to make a difference if a new trial was to be ordered. The now nearly universal idea that an error—if it was an error—had to make a difference before there were consequences had its origin with a judge in North Dakota. Ardell Tharaldson, in his book *Patronage: Histories and Biographies of North Dakota's Federal Judges,* writes of Judge Charles Amidon:

Judge Amidon gave a speech to the Minnesota Bar in 1906, wherein he was critical of the existing common practice of the appeals courts reversing a lower trial court decision because of a technical error that did not affect the outcome. The speech came to the attention of President Theodore Roosevelt who

wrote Amidon and asked for a copy. Roosevelt then advocated this reform in his next speech to Congress and had a bill introduced to accomplish it. President Roosevelt was so impressed that he invited Amidon to visit him at his home on Oyster Bay, Long Island, New York. The American Bar Association also began to advocate the reform and the idea eventually became law. Today the "harmless error" rule is steadfastly applied by appeals courts and the decision of a lower court is not reversed unless any error is material to the outcome.

Ardell Tharaldson, *Patronage: Histories and Biographies of North Dakota's Federal Judges* 21 (2002) (footnote omitted).

## III

[¶ 28] The majority may think it is establishing a "bright line" regarding other bad acts for which it thinks a trial court must spontaneously engage in an on-the-record verbalization of its thought process, but the line is amorphous. Speeding? Littering? A rolling stop at a stop sign?

[¶ 29] The true bright line would be that if a party thinks the probative value of evidence of a prior bad act is exceeded by the risk of unfair prejudice, the party should clearly object and the trial court should clearly rule. Then the outcome could be overturned on appeal if the trial court was wrong and the court's error would have made a difference in the outcome of the trial.

## IV

[¶ 30] Under appropriate analysis, Rule 404 does not even apply to the testimony about what happened four days previous at the apartment building, because the evidence was inextricably intertwined to the murder charge.

[¶ 31] The Seventh Circuit has stated:

As the government correctly argues, this circuit has a well-established line of precedent which allows evidence of uncharged acts to be introduced if the evidence is "intricately related" to the acts charged in the indictment. *See, e.g., United States v. Ramirez*, 45 F.3d 1096, 1102 (7th Cir.1995). Under this doctrine, evidence of uncharged criminal activity is admissible to provide the jury with a complete story of the crime on trial, to complete what would otherwise be a chronological or conceptual void in the story of the crime, or to explain the circumstances surrounding the charged crime. *See id.* and cases cited therein.

*United States v. Spaeni*, 60 F.3d 313, 316 (7th Cir.1995).

[¶ 32] The Eighth Circuit has stated:

Our cases have firmly established that crimes or acts which are "inextricably intertwined" with the charged crime are not extrinsic and Rule 404(b) does not apply. *See United States v. Severe*, 29 F.3d 444, 447 (8th Cir.1994) ("[W]here the evidence of an act and the evidence of a crime charged are inextricably intertwined, the act is not extrinsic and Rule 404(b) is not implicated.").

*United States v. O'Dell*, 204 F.3d 829, 833–34 (8th Cir.2000).

[¶ 33] The Tenth Circuit has stated:

"Rule 404(b) only applies to evidence of acts extrinsic to the charged crime." *United States v. Pace*, 981 F.2d 1123, 1135 (10th Cir.1992), *cert. denied*, 507 U.S. 966, 113 S.Ct. 1401, 122 L.Ed.2d 774 (1993). "Other act evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990) (internal quotations omitted). Such intrinsic "other act" evidence, although not excluded by 404(b), is still subject to the requirement of Fed.R.Evid. 403 that its probative value is not substantially outweighed by the danger of unfair prejudice. *United States v. Fortenberry*, 971 F.2d 717, 721 (11th Cir.1992), *cert. denied*, 506 U.S. 1068, 113 S.Ct. 1020, 122 L.Ed.2d 166 (1993).

*United States v. Lambert*, 995 F.2d 1006, 1007–08 (10th Cir.1993).

[¶ 34] The Eleventh Circuit has stated:

"Evidence of criminal activity other than the charged offense is not extrinsic under Rule 404(b) if it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir.1998) (citing *United States v. Ramsdale*, 61 F.3d 825, 829 (11th Cir.1995)). Moreover, "[e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context ... is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime ... to complete the story of the crime for the jury." *McLean*, 138 F.3d at 1403.

*United States v. Wright*, 392 F.3d 1269, 1276 (11th Cir.2004).

[¶ 35] This Court has also recognized that evidence about what is "inextricably intertwined" is not subject to Rule 404(b). *See, e.g., State v. Michlitsch*, 438 N.W.2d 175, 180 (N.D.1989). This Court concluded, "[u]nder the circumstances of this case, we do not believe that the challenged items constituted evidence of 'other' crimes,

wrongs, or acts within the meaning of Rule 404(b)." *Id.* In *State v. Alvarado,* 2008 ND 203, ¶ 10, 757 N.W.2d 570, this Court said:

> Rule 404(b), N.D.R.Ev., is an embodiment of the common law. *[State v.] Christensen,* 1997 ND 57, ¶ 8, 561 N.W.2d 631 (citing 22 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5239 (1978)). "The longstanding common law rule on prior-act evidence is that it is inadmissible when it is evidence of 'a wholly separate and independent crime' and is used to show a propensity to commit such acts." *Id.* (quoting 2 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 410 (1982)). This Court has held: "Rule 404(b) only excludes evidence of other acts and crimes committed by the defendant when they are *independent* of the charged crime, and do not fit into the rule's exceptions." *Id.*

[¶ 36] The evidence properly came in at trial.

## V

[¶ 37] There was no limiting instruction here because the defendant did not ask for one even after the district court raised the issue.

[¶ 38] Our rule provides for a limiting instruction *if the party asks for one.* "If the court admits evidence that is admissible against a party or for a purpose, but not against another party or for another purpose, the court, *on timely request,* must restrict the evidence to its proper scope and instruct the jury accordingly." N.D.R.Ev. 105 (emphasis added).

[¶ 39] It is "well-settled that where no limiting instruction is requested concerning evidence of other criminal acts, the failure of the trial court to give such an instruction *sua sponte* is not reversible error." *United States v. Multi–Management, Inc.,* 743 F.2d 1359, 1364 (9th Cir. 1984).

[¶ 40] "The defendant seems to argue that the district court should have, sua sponte, given the jury a limiting instruction at the point in the trial when the Rule 404(b) evidence was admitted, and that it was prejudicial error not to do so. We have never required a district court to do so. In fact, we have never found it to be plain error when a court does not give a limiting instruction of any kind sua sponte with respect to Rule 404(b) type evidence." *United States v. Perkins,* 94 F.3d 429, 435–36 (8th Cir.1996).

[¶ 41] Requiring the court to give a limiting instruction only on request makes sense because a limiting instruction may serve to emphasize the evidence, which the defendant, as a matter of trial strategy, may prefer not to do.

[¶ 42] Indeed, the majority contends that testimony about *any* prior bad acts, no matter how trivial or insignificant, *requires* an unrequested limiting instruction. The effect may be to suggest to the jury that the evidence has greater significance than anyone had thought.

[¶ 43] Finally, there was no improper argument or suggestion by the State as to the purpose of the evidence about the burglary.

## VI

[¶ 44] I would affirm.

[¶ 45] DALE V. SANDSTROM