Filed 1/25/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 32

State of North Dakota, Plaintiff and Appellee

v.

Delvin Lamont Shaw, Defendant and Appellant

No. 20170078

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Jon J. Jensen, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Jodi Bass (argued), Assistant State’s Attorney, and Carmell F. Mattison (on brief), Assistant State’s Attorney, Grand Forks, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant.

State v. Shaw

No. 20170078

VandeWalle, Chief Justice.

[¶1] 
Delvin Shaw appealed from a criminal judgment after a jury found him guilty of murder and burglary.  Shaw argues the district court erred in admitting evidence of other crimes or bad acts, and the court erred in playing the earlier testimony of a State’s witness after finding the witness was unavailable to testify at trial.  We affirm.

I

[¶2] In June 2014, two men broke into Jose Lopez’s apartment in Grand Forks.  A fight broke out and one of the men shot Lopez.  Lopez died from the gunshot wounds.  Shaw was arrested and charged with murder and burglary.  At trial, Dametrian Welch testified he accompanied Shaw to Lopez’s apartment. Welch testified Shaw kicked the door open, got into an altercation with Lopez, and then shot Lopez four times. Welch testified that after the shooting, he confessed to the police about what happened at the apartment.  After a jury found Shaw guilty, he appealed.  A majority of this Court reversed and remanded for a new trial, holding the district court misapplied the law on N.D.R.Ev. 404(b) and N.D.R.Ev. 403 relating to evidence of Shaw’s alleged involvement in a burglary that occurred a few days before Lopez’s murder.  
State v. Shaw
, 2016 ND 171, 883 N.W.2d 889.

[¶3] Before Shaw’s second trial, the State provided notice of its intent to introduce evidence that Shaw was involved in a burglary at an apartment in the same building as Lopez’s apartment four days before the murder.  The State argued the evidence of the earlier robbery was admissible to show Shaw and Welch had a plan, motive, and intent to go back to the same apartment to respond to a threat, but the men mistakenly went to Lopez’s apartment.  The State also argued the alleged burglary was intrinsic to the murder charge because it completed the story of why Shaw went back to the apartment building.  Shaw objected to the admission of the evidence.  The district court issued a written order allowing the State to present evidence of the alleged burglary four days before Lopez’s murder.  

[¶4] Welch refused to testify at the second trial.  The district court found Welch was an unavailable witness under N.D.R.Ev. 804(a)(2) because he refused to testify after the court ordered him to testify.  The court allowed an audio recording of Welch’s testimony from the first trial to be played for the jury at the second trial.  The jury found Shaw guilty.

II

[¶5] Shaw argues the district court erred in admitting evidence of crimes or other acts under N.D.R.Ev. 404(b).

[¶6] We review a district court’s evidentiary ruling for an abuse of discretion.  
State v. Campbell
, 2017 ND 246, ¶ 12, 903 N.W.2d 97.  A court abuses its discretion when it acts in an arbitrary, capricious, or unreasonable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned decision.  
Id.
 at ¶ 6.

[¶7] Rule 404(b), N.D.R.Ev., governs the admissibility of evidence of a prior crime, wrong, or other act.  Under N.D.R.Ev. 404(b)(1), evidence of a prior crime “is not admissible to prove a person’s character in order to show that on a particular occasion the person acted in accordance with the character.”  Under N.D.R.Ev. 404(b)(2), evidence of a prior bad act may be admissible for another purpose, such as proving motive, plan, or intent.  “The rule excludes admission of evidence of other crimes or bad acts unless the evidence is substantially relevant for some purpose other than to show a defendant’s criminal character and that the defendant’s acts conformed with that character.”  
Shaw
, 2016 ND 171, ¶ 7, 883 N.W.2d 889.

[¶8] In deciding whether evidence of prior bad acts is admissible, the district court must apply a three-step analysis:

1) the court must look to the purpose for which the evidence is introduced; 2) the evidence of the prior act or acts must be substantially reliable or clear and convincing; and 3) in criminal cases, there must be proof of the crime charged which permits the trier of fact to establish the defendant’s guilt or innocence independently on the evidence presented, without consideration of the evidence of the prior acts.

Shaw
, 2016 ND 171, ¶ 8, 883 N.W.2d 889  (quoting 
State v. Aabrekke
, 2011 ND 131, ¶ 9, 800 N.W.2d 284).  “Generally, the third step is satisfied with a cautionary jury instruction about the admissibility of the evidence and its use for a limited purpose.”  
Shaw
, at ¶ 8.

[¶9] If the three-part test is satisfied, the evidence of other crimes or bad acts may still be excluded “if its probative value is substantially outweighed by a danger of . . . unfair prejudice.”  N.D.R.Ev. 403(a).  The district court must balance the probative value of the evidence against its prejudicial effect in deciding whether to admit evidence of a defendant’s prior bad acts.  
Shaw
, 2016 ND 171, ¶ 9, 883 N.W.2d 889.

[¶10] Here, the district court found the evidence of Shaw’s alleged involvement in the earlier burglary satisfied the three-part test relating to N.D.R.Ev. 404(b)(2).  Shaw does not challenge the court’s Rule 404(b)(2) analysis; rather, he argues the court abused its discretion because it failed to balance the probative value of the evidence against its prejudicial effect under N.D.R.Ev. 403 in deciding whether to admit the evidence.

[¶11] The district court found the evidence of Shaw’s prior bad act fulfilled the requirements of N.D.R.Ev. 403:

In addition to satisfying the three-step analysis [under N.D.R.Ev. 404(b)], the evidence is also relevant and satisfies the admissibility requirements of Rule 403.  The evidence completes the story of the murder as alleged by the State.  Shaw had an encounter with individuals in an apartment one floor above the victim’s apartment.  Shaw returned to the apartment building a few days later to continue or complete the earlier confrontation but went to the wrong floor and forcibly entered the wrong apartment.  Shaw then shot and killed Jose Lopez.  The evidence is relevant to the pending crime.  

[¶12] Although the district court addressed N.D.R.Ev. 403, Shaw argues the court should have explained how the evidence was more probative than prejudicial.  He claims the court should have used the words “probative value” and “prejudice” in its Rule 403 analysis because those words are used in the rule.  We disagree.

[¶13] The district court adequately discussed Rule 403 in its order admitting the evidence of the earlier burglary.  It was not necessary for the court to explain the evidence’s prejudicial effect because evidence of prior bad acts under N.D.R.Ev. 404(b) is inherently prejudicial.  
See
 
Shaw
, 2016 ND 171, ¶ 7, 883 N.W.2d 889 (the rule recognizes the inherent prejudicial effect prior bad-act evidence may have on the fact-finder and limits the admissibility of that evidence to specific exceptions).  The court found the evidence of the earlier burglary was relevant because it completed the story of Lopez’s murder.  The evidence explained why Shaw intended to return to the apartment building.  We conclude the court did not abuse its discretion in admitting the evidence relating to Shaw’s involvement in the earlier burglary.

III

[¶14] Shaw argues the district court erred in finding Welch was an unavailable witness under N.D.R.Ev. 804(a)(2).

[¶15] Rule 804, N.D.R.Ev., deals with exceptions to the hearsay rule when the declarant is unavailable as a witness.  Under N.D.R.Ev. 804(a)(2), “[a] declarant is considered to be unavailable as a witness if the declarant refuses to testify about the subject matter despite a court order to do so.”  If a declarant is unavailable as a witness, the declarant’s former testimony as a witness may be used, “whether given during the current proceeding or a different one.”  N.D.R.Ev. 804(b)(1)(A).

[¶16] Here, Welch testified for the State in Shaw’s first trial.  Welch refused to testify at the second trial.  The district court ordered Welch to testify after he refused to answer the State’s question about the night of Lopez’s murder.  The court dismissed the jury, and Welch continued to refuse after the court ordered him to testify and warned him his refusal could be punished by contempt.  
See
 
U. S. v. Zappola
, 646 F.2d 48, 54 (2d Cir. 1981) (“The procedure that should have been followed by the court when faced with [the witness’s] refusal to testify was (1) the issuance of an order, outside the presence of the jury, directing him to testify and (2) a warning that continued refusal to testify despite the court’s order would be punishable by contempt.”).  The court found Welch was an unavailable witness under  N.D.R.Ev. 804(a)(2) and Welch’s testimony from the first trial was played for the jury.  On this record, we conclude the court did not abuse its discretion in finding Welch was an unavailable witness and allowing his testimony from Shaw’s first trial to be played to the jury.

IV

[¶17] We have considered Shaw’s remaining arguments 
and conclude they are either unnecessary to our decision or without merit.  
The judgment is affirmed.

[¶18] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Gary H. Lee, D.J.

[¶19] The Honorable Gary H. Lee, D.J., sitting in place of Jensen, J., disqualified.