2003 ND 30

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Jeffrey Dean ANDERSON, Defendant and Appellant.**

No. 20020229.

Supreme Court of North Dakota.

March 5, 2003.

Brian D. Grosinger, Assistant State's Attorney, Mandan, ND, for plaintiff and appellee.

Kent M. Morrow, Severin, Ringsak & Morrow, Bismarck, ND, for defendant and appellant.

KAPSNER, Justice.

[¶1] Jeffrey Dean Anderson appealed from a criminal judgment entered following a jury verdict finding him guilty of seven counts of gross sexual imposition. We conclude the trial court did not err in admitting letters Anderson wrote to his daughter, the victim, when the letters contained evidence of an ongoing course of conduct that Anderson engaged in with his daughter which was the same conduct he was charged with in the complaint. We affirm the judgment of the trial court.

I.

[¶2] The State charged Anderson with seven counts of gross sexual imposition, in violation of N.D.C.C. § 12.1–20–03, for engaging in sexual acts with his daughter and compelling her to submit by force. Count 1 alleged Anderson forced his daughter to engage in sexual intercourse in April of 1999. Counts 2 through 4 alleged Anderson forced his daughter to engage in sexual intercourse during the time period between April and September of 1999. Counts 5 and 6 alleged Anderson forced his daughter to engage in sexual intercourse in September of 1999. Count 7 alleged Anderson forced his daughter to engage in sexual intercourse on or about December 7, 1999.

[¶ 3]   Anderson moved in limine to prevent the State "from introducing any evidence of or mentioning the existence of certain letters allegedly mailed by" Anderson to his daughter during the year 2000. Anderson mailed his daughter a card with a handwritten note along with a separate letter enclosed in the envelope in July of 2000 and eight other letters in August and September of 2000. Anderson asserted in his motion the letters should be excluded as evidence of the offenses he was charged with under (1) N.D.R.Ev. 401, the evidence is not relevant; (2) N.D.R.Ev. 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice; and (3) N.D.R.Ev. 404(b), the evidence constitutes inadmissible character evidence. The State resisted the motion. The trial court denied Anderson's motion in limine, finding the letters to be relevant; not unfairly prejudicial; and not character evidence.

[¶ 4]   A jury found Anderson guilty on all seven counts. Anderson challenges the conviction, arguing the trial court erred by denying his motion in limine to exclude letters he wrote to his daughter in the year 2000.

## II.

[¶ 5]   Anderson argues the trial court abused its discretion by admitting into evidence letters he wrote to his daughter in 2000 because the letters are not relevant to the issue of whether Anderson committed the offenses alleged to have occurred in 1999. Further, Anderson argues, even if the letters were relevant, admitting them into evidence unfairly prejudiced him. Anderson also contends the letters constitute inadmissible character evidence under N.D.R.Ev. 404(b).

[¶ 6]   "One of the touchstones for an effective appeal on any proper issue is that the matter was appropriately raised in the trial court so it could intelligently rule on it." *State v. Osier*, 1999 ND 28, ¶ 14, 590 N.W.2d 205. Under N.D.R.Ev.103(a)(1), "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and … a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context[.]"

[¶ 7]   In this case, Anderson filed a motion in limine to exclude letters Anderson wrote to his daughter in 2000. The trial court denied Anderson's motion. At trial, when the State offered two of the letters into evidence,[1] Anderson's counsel stated he had "[n]o objection." By failing to properly object at trial, Anderson failed to preserve this issue for review. *See State v. Bell*, 2002 ND 130, ¶ 12, 649 N.W.2d 243; *State v. Freed*, 1999 ND 185, ¶¶ 13–14, 599 N.W.2d 858. A motion in limine seeking an evidentiary ruling must be decided without the benefit of evaluating the evidence in the context of trial. A renewed objection at the time the evidence is offered focuses the court on the objection in the trial context at which time both the relevance and the potential for prejudice will be more discernible. A failure to object at trial "acts as a waiver of the claim of error." *State v. Glass*, 2000 ND 212, ¶ 10, 620 N.W.2d 146 (quoting *City of Fargo v. Erickson*, 1999 ND 145, ¶ 22, 598 N.W.2d 787 (Sandstrom, J., concurring specially)).

[¶ 8]   Even though Anderson waived his right to seek review of this issue, N.D.R.Crim.P. 52(b) allows this

---

1.   The card with a handwritten note and the separate letter which was enclosed inside the same envelope were the only letters offered at trial.

Court to notice obvious errors not raised at the trial court. We exercise our power to consider obvious error "cautiously and only in exceptional situations where the defendant has suffered serious injustice." *State v. Smuda,* 419 N.W.2d 166, 168 (N.D. 1988). Our standard of review when a defendant fails to preserve an issue for appeal requires a showing of obvious error which affects substantial rights of the defendant. *Glass,* 2000 ND 212, ¶ 4, 620 N.W.2d 146; N.D.R.Crim.P. 52(b). To establish obvious error, a defendant has the burden to show "(1) error, (2) that is plain, and (3) affects substantial rights." *State v. Olander,* 1998 ND 50, ¶ 14, 575 N.W.2d 658 (citing *United States v. Olano,* 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). "In analyzing obvious error, our decisions require examination of the entire record and the probable effect of the alleged error in light of all the evidence." *Olander,* at ¶ 12.

[¶ 9] Rule 402, N.D.R.Ev., provides: "[a]ll relevant evidence is admissible, except as otherwise provided by the constitutions of the United States or the state of North Dakota, by any applicable Act of Congress, by statutes of North Dakota, by these rules, or by other rules adopted by the supreme court of North Dakota." Relevant evidence is evidence which may reasonably and actually tend to prove or disprove any material fact in issue. *Osier,* at ¶ 5, 590 N.W.2d 205.

[¶ 10] The complaint against Anderson alleges an ongoing course of conduct. The victim testified she told law enforcement officers Anderson forced her to have sexual intercourse on 186 occasions; however, the State was only able to ascertain enough details to charge Anderson with the offense seven times. We have recognized that in cases where multiple offenses are alleged to have occurred on a continuing basis it may be difficult to identify specific incidents or dates of all or any of the incidents. *See State v. Vance,* 537 N.W.2d 545, 551 (N.D.1995). In such cases, we have concluded the complainant "must describe the number of acts with sufficient evidence to support each of the counts in the information to assure that the offenses indeed occurred." *Id.* at 550. Anderson was charged with seven counts of forcing his daughter to engage in sexual intercourse. Anderson's daughter testified to the details of each of the seven counts, referring to the particular location and approximate time period for each offense alleged to have occurred.

[¶ 11] The letters admitted at trial were written after Anderson committed the offenses he was charged with in the complaint; nevertheless, the letters indicate sexual acts have occurred in the past between Anderson and his daughter. Anderson also refers to sexual acts directed at his daughter which he desires to engage in after he gets out of prison. Anderson wrote in the card to his daughter, in part:

> Yes Sweetie you are a good hard little worker. Remember, I know that because you worked with Daddy. You worked very hot in all ways. If you no [sic] what I mean! Believe me you well, more than satisfied me. Believe me darling. I really do miss it.... Can't wait til this is all OVER! We will have a lot of CELEBRATING! Can't wait too [sic] peel them off! FOR HOT! Can't wait too [sic] take a good lick! Very Tastee [sic]!

Admitted at trial was also a separate letter enclosed with the card. In this letter, Anderson explicitly details his interest in sexual gratification with his daughter. The contents of the letter indicate Anderson has intimate knowledge of his daughter's body as well as a desire to resume a sexual relationship with her once

he is out of prison. Anderson refers to his daughter as "Hot STUFF!" and tells her she is "So Irrestible [sic][.]"

[¶ 12] A reasonable reading of the card and letter is that Anderson has had prior sexual contact with his daughter. The card and letter therefore relate to the determination of the central fact of whether Anderson has committed gross sexual imposition. They are relevant evidence under the definition of Rule 401, N.D.R.Ev.

[¶ 13] Generally, character evidence to prove a person acted in conformity with the evidence is excluded. N.D.R.Ev. 404. N.D.R.Ev. Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. However, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

[¶ 14] "The long-standing common law rule on prior-act evidence is that it is inadmissible when it is evidence of 'a wholly separate and independent crime' and is used to show a propensity to commit such acts." *State v. Christensen*, 1997 ND 57, ¶ 8, 561 N.W.2d 631 (quoting 2 Charles Alan Wright, *Federal Practice and Procedure* § 410 (1982)). Therefore, Rule 404(b), N.D.R.Ev., "only excludes evidence of other acts and crimes committed by the defendant when they are *independent* of the charged crime, and do not fit into the rule's exceptions." *Christensen*, at ¶ 8. Rule 404(b) was not intended "to exclude

evidence of activity in furtherance of the same criminal activity." *Christensen*, at ¶ 8.

[¶ 15] Parts of the letters Anderson wrote to his daughter indicate his sexual plans with his daughter when he gets out of prison; these are acts which have not yet occurred and are not prior acts within the scope of Rule 404(b), N.D.R.Ev. Anderson not only indicates in the letters his sexual plans with his daughter when he gets out of prison, but he also infers that sexual acts with his daughter have occurred in the past. The letters admitted at trial contain evidence related to the seven counts of forcing his daughter to engage in sexual intercourse in which Anderson was charged; therefore, the letters are not the type of evidence Rule 404(b), N.D.R.Ev., contemplated excluding. We conclude the letter and card project a continuation of the activities which have occurred in the past and which are part of the ongoing course of conduct Anderson is charged with in this case. The letter and card are relevant to the offenses Anderson was charged with in this case and they do not constitute inadmissible character evidence under Rule 404(b), N.D.R.Ev.

[¶ 16] Even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.D.R.Ev. 403. We analyzed unfair prejudice under Rule 403, N.D.R.Ev., in *State v. Zimmerman*, 524 N.W.2d 111, 116 (N.D. 1994) (citations omitted), and stated: "[p]rejudice is unfair if it is the result of something other than the relevance of the evidence. Stated otherwise, any prejudice due to the probative force of evidence is not unfair prejudice." Rule 403,

N.D.R.Ev., "is directed to unfairly prejudicial evidence, not simply prejudicial evidence." *Zimmerman,* at 116. The trial court determined the probative value of the letters is not outweighed by the danger of unfair prejudice or confusion of the issues. This Court has recognized "no verdict could be obtained without prejudicial evidence. After all, 'the admission of evidence is generally calculated to benefit one side to the prejudice of the other.'" *Id.* (quoting *Bell v. City of Milwaukee,* 746 F.2d 1205, 1277 (7th Cir.1984)). We conclude any prejudice in this case was the result of the probative force of the evidence. Thus, the letters Anderson wrote to his daughter were admissible as probative evidence of Anderson's involvement in the offenses being prosecuted and the letters were not unfairly prejudicial to him.

### III.

[¶ 17]  Based on our review of the record, the letters were relevant; Anderson was not unfairly prejudiced; and the letters do not constitute inadmissible character evidence. We conclude the trial court did not err in admitting, as evidence of the offenses charged, the letters Anderson wrote to his daughter. Because Anderson has failed to establish error, the first part under our framework for analyzing obvious error, we affirm the judgment of the trial court.

[¶ 18]  GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and WILLIAM A. NEUMANN, JJ., concur.

SANDSTROM, Justice, concurring in the result.

[¶ 19]  Because the majority identifies the victim of these sex crimes with unnecessary specificity, I concur in the result. I cannot join in an opinion that I believe unnecessarily sacrifices the victim's privacy.

[¶ 20]  DALE V. SANDSTROM.