2015 ND 66

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Issac STEEN, Defendant and Appellant.**

**No. 20140160.**

Supreme Court of North Dakota.

March 24, 2015.

Nathan K. Madden, Assistant State's Attorney, Williams County State's Attorney Office, Williston, ND, for plaintiff and appellee.

Carey A. Goetz, Bismarck, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Issac Steen appealed from a criminal judgment entered after a jury convicted Steen of hindering law enforcement. Steen contends the district court abused its discretion by allowing photographs of the victim be shown to the jury. We affirm.

I

[¶ 2] Steen owns property located outside Williston in Williams County, North Dakota. That property contains a garbage dump. Law enforcement located the body of Jack Sjol within the garbage dump. Sjol had been missing for three weeks, and law enforcement discovered he had sustained multiple gunshot wounds and his body had been partially concealed. The person alleged to have committed Sjol's murder had been in communication with Steen prior to Sjol's disappearance. That person requested use of Steen's garbage dump, and indicated that Sjol had been murdered. Prior to law enforcement's discovery, Steen had discovered the body and did not voluntarily report the discovery to law enforcement. Steen did communicate with the person alleged to have murdered Sjol, and requested he remove the body from the garbage dump.

[¶ 3] After discovery of Sjol's body, Steen was arrested and charged with hindering law enforcement. Prior to trial, Steen filed a motion in limine prohibiting photographs of the body be shown to the jury. The district court denied Steen's motion stating, "this information would play into the aspect of whether or not the concealing, if that's what it was, of the body for some period of time—I heard three weeks—might hinder any investigation into it." At trial, Steen did not object to the introduction of any photographic evidence.

II

[¶ 4] At issue in this case is whether the district court abused its discretion in admitting photographic evidence. Although Steen raised another issue objecting to denial of a jury instruction, this issue was conceded by Steen at oral argument.

[¶ 5] We have long held that an effective appeal of any issue must be appropriately raised in the trial court in order for us to intelligently rule on it. *State v. Anderson*, 2003 ND 30, ¶ 6, 657 N.W.2d 245. "Under N.D.R.Ev.103(a)(1), '[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and ... a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context[.]'" *Id.*

at ¶ 6. "A motion in limine seeking an evidentiary ruling must be decided without the benefit of evaluating the evidence in the context of trial." *Id.* at ¶ 7. "A renewed objection at the time the evidence is offered focuses the court on the objection in the trial context at which time both the relevance and the potential for prejudice will be more discernible." *Id.* "A failure to object at trial 'acts as a waiver of the claim of error.'" *Id.*

[¶ 6] In this case, Steen filed a motion in limine to exclude photographic evidence of the scene and condition of the body. Steen argued the photographs were unduly prejudicial based on the crime charged. The district court denied Steen's motion. At trial, when the State offered the photographs into evidence, Steen's counsel offered no objection. By failing to properly object at trial, Steen failed to preserve this issue for review. *Anderson,* 2003 ND 30, ¶ 6, 657 N.W.2d 245.

[¶ 7] While Steen failed to renew his objection at trial, waiving his right to review the claim of error, N.D.R.Crim.P. 52(b) allows this Court to consider an obvious error or defect that affects substantial rights even though it was not raised at trial. "To establish obvious error, a defendant has the burden to show '(1) error, (2) that is plain, and (3) affects substantial rights.'" *Anderson,* 2003 ND 30, ¶ 8, 657 N.W.2d 245 (quoting *State v. Olander,* 1998 ND 50, ¶ 14, 575 N.W.2d 658). "To constitute obvious error, the error must be a clear deviation from an applicable legal rule under current law." *State v. Tresenriter,* 2012 ND 240, ¶ 12, 823 N.W.2d 774. "We exercise our power to consider obvious error cautiously and only in 'exceptional situations where the defendant has suffered serious injustice.'" *State v. Glass,* 2000 ND 212, ¶ 4,

620 N.W.2d 146 (quoting *State v. Ash,* 526 N.W.2d 473, 482 (N.D.1995)). "In analyzing obvious error, our decisions require examination of the entire record and the probable effect of the alleged error in light of all the evidence." *Olander,* 1998 ND 50, ¶ 12, 575 N.W.2d 658. "We have rarely noticed obvious error under N.D.R.Crim.P. 52(b)." *Id.*

[¶ 8] Steen's motion in limine alleged the photographic evidence of the deceased's body was unduly prejudicial because Steen was not accused of being involved in the murder, the photographs were excessively gruesome, and testimony from expert witnesses as to the condition of the body and decay make the photographs duplicative. The district court denied the motion finding the evidence relevant to whether or not the concealment of the body for some period of time hindered the murder investigation. Steen has not demonstrated that the admission of the photographs constituted a clear deviation from an applicable legal rule under current law. We conclude the district court did not commit obvious error in admitting the photographic evidence.

### III

[¶ 9] We affirm the district court's judgment.

[¶ 10] DALE V. SANDSTROM, DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.