2017 ND 95

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Michael Martin BREWER, Defendant and Appellant**

**No. 20160241**

Supreme Court of North Dakota.

Filed 4/25/2017

Brian L. Johnson, Assistant State's Attorney, Burleigh County Courthouse, 514 E. Thayer Ave., Bismarck, ND 58501, for plaintiff and appellee.

Kent M. Morrow, 103 S. Third St., Ste. 6, Bismarck, ND 58501, for defendant and appellant.

McEvers, Justice.

[¶ 1] Michael Brewer appeals from the district court's judgment entered after a jury convicted him of two counts of gross sexual imposition. We conclude Brewer waived his claim of error that the district court abused its discretion in allowing the State to admit evidence surrounding G.H.'s October 1, 2015, forensic interview by not renewing his objection to the admission of this evidence at trial. Therefore, we affirm the judgment.

I

[¶ 2] On September 8, 2015, Brewer was charged with two counts of gross sexual imposition. In separate forensic interviews, J.L. and G.H., minors under the age of fifteen, stated Brewer made sexual contact with them at a pool in a hotel in Bismarck, North Dakota, on December 1, 2014. In a later forensic interview conducted on October 1, 2015, G.H. also recounted an incident that occurred before the pool incident when Brewer touched her "butt" under her pants but over her underwear. G.H. stated she had not disclosed this incident at the initial forensic interview because she was scared. The testimony related to the October 1, 2015, forensic interview of G.H. is the focus of this appeal.

[¶ 3] The State notified Brewer it intended to use testimony surrounding the October 1, 2015, forensic interview as evidence of intent, motive, absence of mistake, or lack of accident under N.D.R.Ev. 404(b)(2). Brewer moved in limine objecting to the State's offer of evidence under N.D.R.Ev. 404(b)(2). A pretrial hearing was held on March 18, 2016. At the hearing, Brewer argued the evidence was too remote, vague, and highly prejudicial. The State argued the evidence showed Brewer's intent, motive, absence of mistake, or lack of accident under N.D.R.Ev. 404(b)(2), and it was not unduly prejudicial. The district court ruled the State could offer testimony surrounding the October 1, 2015, forensic interview as evidence of Brewer's motive, intent, absence of mistake, or lack of accident under N.D.R.Ev. 404(b)(2). At trial, the State offered a recording of the October 1, 2015, forensic interview as evidence, with no objection from Brewer. The jury convicted Brewer on two counts of gross sexual imposition. Brewer appeals.

II

[¶ 4] Brewer argues the district court abused its discretion by allowing the State to admit testimony surrounding the October 1, 2015, forensic interview as evidence of motive, intent, absence of mistake, or lack of accident under N.D.R.Ev. 404(b)(2). According to Brewer, this evidence should be excluded because the prejudicial effect of the evidence substantially

outweighs any relevant or probative value under N.D.R.Ev. 403. Brewer also argues the district court, in its order on pretrial motions, misapplied N.D.R.Ev. 404(b)(2) and failed to balance the probative value versus the prejudicial effect under N.D.R.Ev. 403. However, Brewer failed to appropriately raise this argument at trial.

We have long held that an effective appeal of any issue must be appropriately raised in the trial court in order for us to intelligently rule on it. Under N.D.R.Ev. 103(a)(1), error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context. A motion in limine seeking an evidentiary ruling must be decided without the benefit of evaluating the evidence in the context of trial. A renewed objection at the time the evidence is offered focuses the court on the objection in the trial context at which time both the relevance and the potential for prejudice will be more discernable. A failure to object at trial acts as a waiver of the claim of error.

State v. Steen, 2015 ND 66, ¶ 5, 860 N.W.2d 470 (quotation marks omitted) (citations omitted).

[¶ 5] By failing to renew his objection at trial, Brewer did not give the district court an opportunity to rule on this issue in the trial context. Brewer waived this claim of error when his attorney not only failed to object to the State's admission of evidence at trial, but unequivocally stated there was "no objection." Other arguments made are unnecessary to this opinion and will not be addressed.

III

[¶ 6] Brewer waived his claim of error that the district court abused its discretion in allowing the State to admit evidence surrounding G.H.'s October 1, 2015, forensic interview by not renewing his objection to the admission of this evidence at trial. Therefore, we affirm the judgment.

[¶ 7] Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.