# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 69

Michael Brewer,                                                    Petitioner and Appellee

v.

State of North Dakota,                                        Respondent and Appellant

No. 20180254

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Sonna M. Anderson, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Scott O. Diamond, Fargo, N.D., for petitioner and appellee.

Marina Spahr, Assistant State's Attorney, Bismarck, N.D. for respondent and appellant.

**Brewer v. State**

**No. 20180254**

**Tufte, Justice.**

[¶1]    The State appeals from a district court order finding Michael Brewer had received ineffective assistance of counsel and granting him a new trial. At trial, Brewer's attorney did not object to evidence that was likely inadmissible under N.D.R.Ev. 404(b). We affirm the district court's order.

I

[¶2]    Brewer was convicted of two counts of Gross Sexual Imposition ("GSI"). He appealed the judgment of conviction, and this Court affirmed the judgment. *See State v. Brewer*, 2017 ND 95, 893 N.W.2d 184. Both victims of the GSI counts, J.L. and G.H., were minors. Three interviews were received into evidence: one interview given by G.H. regarding a separate incident occurring at the home of Brewer and G.H.'s aunt, Brewer's girlfriend, prior to the pool incident; and two interviews regarding the charged incident—one from each of the minor children about interactions Brewer had with them in a hotel pool. In the interview about the home incident, G.H. stated Brewer had placed his hand on her buttocks inside her pants but outside her underwear. In a pretrial motion, Brewer sought to exclude this interview from trial, arguing it was inadmissible under Rules 403 and 404(b). The district court found the interview was not unduly prejudicial and would be admissible at trial to prove motive, intent, plan, absence of mistake or lack of accident under N.D.R.Ev. 404(b)(2). Brewer's attorney failed to renew his objection to the evidence at trial when the State offered a recording of the interview into evidence.

[¶3]    After his conviction was affirmed on appeal, Brewer applied for postconviction relief. In 2018, a postconviction hearing was held. The same district court judge presided over both the original trial and the postconviction hearing. The court explained in its postconviction relief order that at trial it was not "given the opportunity to re-consider [its] ruling after hearing . . . G.H.'s actual court testimony."

The district court specifically noted that if an objection had been raised at trial, the court would "have had the opportunity to view the alleged conduct in light of the definition of sexual conduct and the actual evidence produced at trial." The court stated it likely would have sustained the objection to the interview had the evidence been objected to at trial.

## II

[¶4] "Postconviction proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Broadwell v. State*, 2014 ND 6, ¶ 5, 841 N.W.2d 750. The "applicant has the burden of establishing grounds for post-conviction relief." *Rourke v. State*, 2018 ND 137, ¶ 5, 912 N.W.2d 311.

> A trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). A finding is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made. Questions of law are fully reviewable on appeal of a post-conviction proceeding.

*Middleton v. State*, 2014 ND 144, ¶ 5, 849 N.W.2d 196; *see Rourke*, at ¶ 5.

[¶5] "The issue of ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable by this Court." *Rourke*, 2018 ND 137, ¶ 5, 912 N.W.2d 311. The analysis for ineffective assistance of counsel claims under the United States Constitution's Sixth Amendment is well established:

> In order to prevail on a post-conviction relief application based on ineffective assistance of counsel, the petitioner must (1) "show that counsel's representation fell below an objective standard of reasonableness" and (2) "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).
>
> > Surmounting *Strickland's* high bar is never an easy task. An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial or in pretrial proceedings, and so the *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity

2

of the very adversary process the right to counsel is meant to serve. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. . . . It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence.

*Rourke*, at ¶ 5 (quoting *Booth v. State*, 2017 ND 97, ¶ 7, 893 N.W.2d 186).

### III

[¶6] To succeed on an ineffective assistance of counsel claim, the "defendant must first overcome the 'strong presumption' that trial counsel's representation fell within the wide range of reasonable professional assistance, and courts must consciously attempt to limit the distorting effect of hindsight." *Rourke*, 2018 ND 137, ¶ 5, 912 N.W.2d 311. The "objective standard of reasonableness" takes "prevailing professional norms" into account. *Heckelsmiller v. State*, 2004 ND 191, ¶ 3, 687 N.W.2d 454 (quoting *Strickland*, 466 U.S. at 688). There is a wide range of actions that are considered "reasonable professional assistance." *Heckelsmiller*, at ¶ 3 (quoting *Strickland*, at 689). Simply using an "unsuccessful trial strategy does not make defense counsel's assistance defective, and we will not second-guess counsel's defense strategy through the distorting effects of hindsight." *Garcia v. State*, 2004 ND 81, ¶ 8, 678 N.W.2d 568. When applying prong one of the *Strickland* test, the reviewing court looks at the facts known to counsel at the time of the claimed error. Here, the relevant time is when Brewer's attorney failed to object when the interview was offered at trial.

[¶7] The district court found prong one of the *Strickland* test was met. We agree. "A motion in limine seeking an evidentiary ruling must be decided without the benefit of evaluating the evidence in the context of trial." *State v. Steen*, 2015 ND 66, ¶ 5, 860 N.W.2d 470. "A renewed objection at the time the evidence is offered focuses the court on the objection in the trial context at which time both the relevance and the potential for prejudice will be more discernible." *Id.* Here, the failure to object at trial deprived the district court of an opportunity to reconsider the issue within the context of trial. *See Brewer*, 2017 ND 95, ¶ 5, 893 N.W.2d 184. Objecting within the context

3

of trial allows the court to reevaluate the objectionable evidence in light of the other evidence admitted thus far in the trial, and to reconsider it, particularly under N.D.R.Ev. 403. This is a well established principle. N.D.R.Ev. 103(a)(1); *see, e.g.*, *State v. Schick*, 2017 ND 134, ¶ 8, 895 N.W.2d 773; *Brewer*, at ¶ 4; *Brouillet v. Brouillet*, 2016 ND 40, ¶ 32, 875 N.W.2d 485; *Steen*, at ¶ 5; *State v. Doll*, 2012 ND 32, ¶ 15, 812 N.W.2d 381; *State v. Thompson*, 2010 ND 10, ¶ 13, 777 N.W.2d 617.

[¶8]   The attorney's failure to object was not simply a trial tactic. Brewer's attorney testified in the postconviction hearing that he did not object because he "felt that [he] had adequately formed a record in the hearing on the motion itself [and] did not need to raise it." This statement admits a legal error that is below an objective standard of reasonableness. Beyond the intentional failure to object, the attorney stated affirmatively "no objection" when the State offered the 404(b) interview. We conclude failing to object at trial because of reliance on the record made in a pretrial motion is a basic legal error that satisfies *Strickland's* prong one.

[¶9]   Brewer must also satisfy *Strickland's* prejudice prong to establish his claim of ineffective assistance of counsel. "Even where the court finds that counsel's representation fell below an objective standard of reasonableness, prejudice is not normally assumed." *Broadwell*, 2014 ND 6, ¶ 7, 841 N.W.2d 750. "To demonstrate prejudice, the defendant must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and the defendant must specify how and where trial counsel was incompetent and the probable different result." *Middleton*, 2014 ND 144, ¶ 6, 849 N.W.2d 196. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *Strickland*, 466 U.S. at 694.

> [U]nless counsel's errors are so blatantly and obviously prejudicial that they would in all cases, regardless of the other evidence presented, create a reasonable probability of a different result, the prejudicial effect of counsel's errors must be assessed within the context of the remaining evidence properly presented and the overall conduct of the trial.

*Middleton*, at ¶ 13. To evaluate a claim of prejudice, the district court considers not only the evidence introduced up to that point in the trial, but must consider the probability of a different result in light of the evidence presented and the overall conduct of the entire trial before and after the claimed error.

[¶10] Brewer was charged with two counts of GSI under N.D.C.C. § 12.1-20-03(2)(a), which states a person is guilty of an offense if he "engages in sexual contact with another," . . . and the "victim is less than fifteen years old." "Sexual contact" is defined as "any touching, whether or not through the clothing or other covering, of the sexual or other intimate parts of the person, . . . for the purpose of arousing or satisfying sexual or aggressive desires." N.D.C.C. § 12.1-20-02(5). When evidence is improperly admitted, we must consider whether the jury likely reached a different result due to the presence of the improperly admitted evidence. We do not reweigh the facts or look at the credibility of the witnesses; we simply evaluate whether the claimant was prejudiced by the error to the point that our confidence in the outcome is undermined.

[¶11] "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." N.D.R.Ev. 404(b)(1). "The rule recognizes the inherent prejudicial effect prior bad-act evidence may have on the trier of fact and limits the admissibility of that evidence to specifically recognized exceptions." *State v. Shaw*, 2016 ND 171, ¶ 7, 883 N.W.2d 889. Under these exceptions, 404(b)(1) evidence may be admitted for reasons other than propensity. *See* N.D.R.Ev. 404(b)(2). The State gave pretrial notice of its intent to offer the home incident interview without conceding it was propensity evidence. In its order resolving pretrial motions, the court denied Brewer's Rule 403 and 404 motions, finding the evidence was not unduly prejudicial and was admissible for motive, intent, plan, absence of mistake or lack of accident.

[¶12] If the evidence had been objected to at trial, its admissibility would have been determined under a three-step analysis:

5

1) the court must look to the purpose for which the evidence is introduced; 2) the evidence of the prior act or acts must be substantially reliable or clear and convincing; and 3) in criminal cases, there must be proof of the crime charged which permits the trier of fact to establish the defendant's guilt or innocence independently on the evidence presented, without consideration of the evidence of the prior acts.

*Shaw*, 2016 ND 171, ¶ 8, 883 N.W.2d 889. If the evidence meets this test, the court may still exclude it "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." N.D.R.Ev. 403(a). "Thus, the court must 'balance the probative value of the evidence against its prejudicial effect in determining whether to admit evidence of a defendant's past crimes.'" *Shaw*, at ¶ 9 (quoting *State v. Schmeets*, 2009 ND 163, ¶ 10, 772 N.W.2d 623). However, the court does not engage in this process unless the attorney objects to the 404(b) evidence. *See State v. Lee*, 2004 ND 176, ¶ 10, 687 N.W.2d 237 ("The initiative is placed on the party, not on the judge to object to offered evidence."); *State v. Balderama*, 2004-NMSC-008, ¶ 20, 135 N.M. 329, 334, 88 P.3d 845, 848 (discussing the reasons a trial judge should act *sua sponte* only sparingly); *People v. Medina*, 11 Cal. 4th 694, 727, 906 P.2d 2 (1995), *as modified* (Jan. 24, 1996) ("the trial court has no sua sponte duty to exclude evidence or to remedy misconduct").

[¶13] The district court's postconviction order explained that if Brewer's attorney had objected to the evidence during trial, the court "would likely have ruled differently on the 404(b) evidence" and sustained the objection. The jury would not have heard the interview describing allegations that Brewer touched G.H. under her clothes at Brewer's house prior to the swimming pool incident. This interview was not cumulative of other evidence. It described a different incident, in a different location, sometime prior to the swimming pool incident underlying the charges. Therefore, it risks significant prejudice to Brewer by implying a propensity for sexual contact with minors, and perhaps particularly with G.H. The jury's consideration of such evidence, especially without a limiting instruction, undermines our confidence in the verdict.

[¶14] The State argues that there was enough other evidence to convict Brewer regardless of whether the district court would have sustained the objection. However,

6

North Dakota's rule of evidence 404(b) "acknowledges the inherent prejudicial effect prior bad act evidence may have on the trier of fact." *State v. Osier*, 1997 ND 170, ¶ 4, 569 N.W.2d 441. We have previously "warned of the dangers inherent in allowing evidence of other acts to show propensity and of tempting a jury to convict a defendant for actions other than the charged misconduct." *Shaw*, 2016 ND 171, ¶ 7, 883 N.W.2d 889.

[¶15] Because his attorney did not object, Brewer had no opportunity for the court to consider the interview under the required three-step analysis and the N.D.R.Ev. 403 prejudice balancing. We have reversed cases when the 404(b) analysis was not done properly. *See Shaw*, 2016 ND 171, 883 N.W.2d 889 (reversed and remanded for a new trial because of the lack of analysis); *Schmeets*, 2009 ND 163, 772 N.W.2d 623 (reversed and remanded for a new trial because of a failure to conduct N.D.R.Ev. 403 balancing test coupled with the impossibility of determining whether evidence of prior felony convictions substantially affected the defendant's right to a fair trial). Here, in resolving the pretrial motion, the court found the interview to be admissible as evidence of motive, intent, plan, absence of mistake or lack of accident in N.D.R.Ev. 404(b)(2). But, as discussed above, the objection must be renewed at trial so the court can consider the objection in context of trial, as well as to preserve the issue for appeal. As stated by the district court, the evidence may well have been excluded had it been analyzed in the context of the trial at the time it was offered.

[¶16] Brewer was prejudiced by the failure to object at trial regardless of whether the objection would have been sustained or overruled. If the district court had sustained the objection, the evidence would not have been presented to the jury. On this record, this appears particularly likely because the court stated that if an objection to the interview had been raised at trial, the court "would have likely ruled differently on the 404(b) evidence." If the district court had instead overruled the objection, Brewer's attorney would have preserved the issue for appeal by objecting at trial. Because we have repeatedly expressed grave concern where prior bad acts evidence has been admitted without the required analysis by the district court, if it had been preserved,

this issue would have had sufficient merit on direct appeal to undermine our confidence in the outcome. *See State v. Tutt*, 2007 ND 77, ¶ 13, 732 N.W.2d 382 (holding ineffective assistance of counsel constituted prejudice and reversible error where attorney failed to object to prior conviction evidence being offered with the same drug involved in both previous and current charge). Although the admissibility of the interview and the appropriateness of a limiting jury instruction are left for the district court's determination in the context of any subsequent retrial, we conclude Brewer satisfied the prejudice requirement of *Strickland's* second prong.

IV

[¶17]   The State argues the district court erred by granting postconviction relief on both convictions rather than limiting relief to Brewer's GSI conviction for the offense relating to G.H. Because the incident at the home involved only G.H. and not J.L., the State argues the jury verdict on the count relating to the offense against J.L. was not tainted by the 404(b) evidence. We disagree.

[¶18]   In *Osier*, we held that admitting the testimony of Osier's niece, describing how Osier sexually molested her eight years prior to the charged offense of sexual contact with his daughter, was highly prejudicial. 1997 ND 170, ¶ 13, 569 N.W.2d 441. Such testimony could have affected the jury's determination, and a different decision might have been reached had the niece's testimony not been admitted. *Id.* Here, there was a preliminary finding that the interview was admissible under an exception in 404(b)(2). In contrast, the State in *Osier* did not put forth a non-propensity reason for admitting the niece's testimony. Despite that difference, *Osier* illustrates that evidence of prior bad acts against one victim may be highly prejudicial at trial for a similar offense against a different victim. *See also State v. Aabrekke*, 2011 ND 131, ¶¶ 15-16, 800 N.W.2d 284 (reversed and remanded for new trial because testimony of defendant's prior sexual acts with victim's mother had been admitted without required 404(b) analysis and no limiting instruction was given). We conclude the district court did not err in granting postconviction relief on both GSI convictions because both were subject to the same prejudice that Rule 404(b) was formulated to protect against.

8

[¶19]   We affirm the district court's order.

[¶20]   Jerod E. Tufte
        Daniel J. Crothers
        Lisa Fair McEvers
        Jon J. Jensen
        Gerald W. VandeWalle, C.J.