# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2019 ND 239

State of North Dakota,                                 Plaintiff and Appellee

     v.

Marquis Smith,                                 Defendant and Appellant

## No. 20180416

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable John W. Grinsteiner, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Tessa M. Vaagen, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Steven J. Fischer, Bismarck, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]  Marquis Smith appeals from a criminal judgment entered after a jury found he was guilty of two counts of gross sexual imposition. Smith argues the district court erred by failing to exclude evidence that he accessed pornographic websites and by failing to give the jury an instruction limiting the use of the evidence. We affirm.

I

[¶2]  In 2018, Smith was charged with two counts of gross sexual imposition in violation of N.D.C.C. § 12.1-20-03(2)(a). The State alleged Smith had sexual contact with a seven-year-old child on December 9-10, 2017. The alleged victim was the child of Smith's girlfriend.

[¶3]  Smith filed a motion in limine to exclude evidence from a cell phone found in his possession at the time of his arrest. The evidence from the phone's web browsing history included web pages having titles describing incest-themed pornography in December 2017. Smith argued any evidence that he viewed pornography should be excluded because there was nothing in the browsing history that showed he has an interest in children and the evidence was irrelevant to the charged offenses under N.D.R.Ev. 401. He also claimed the evidence would be unfairly prejudicial and potentially confusing under N.D.R.Ev. 403.

[¶4]  The State opposed the motion and gave notice of its intent to use evidence of crimes, wrongs, or other acts under N.D.R.Ev. 404(b), including evidence about Smith's pornographic web searches related to incest and videos depicting the alleged victim and the victim's siblings in the bathtub. The State argued Smith may allege he lacked intent to engage in sexual contact with the alleged victim; the evidence was relevant to Smith's intent, opportunity, knowledge, absence of mistake, or lack of accident; and the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice to Smith.

[¶5] After a hearing, the district court denied Smith's motion in limine. The court found the web browsing history was relevant to Smith's state of mind, motive, intent, knowledge, and absence of mistake or accident. The court also found the probative value of the evidence was not outweighed by any prejudicial effect, and any unfair prejudice could be cured with a limiting instruction to the jury.

[¶6] A jury trial was held. The jury found Smith guilty of both counts of gross sexual imposition, and criminal judgment was entered.

II

[¶7] Smith argues the district court erred by denying his motion in limine. He contends the evidence of web browsing history was impermissible character or propensity evidence prohibited under N.D.R.Ev. 404(a), the court was required to perform a three-step analysis under *State v. Aabrekke*, 2011 ND 131, 800 N.W.2d 284, and the court failed to consider all three steps. He claims the State's purpose for introducing the evidence was to establish that he was of a deviant sexual disposition in violation of N.D.R.Ev. 404(a), rather than in support of any of the relevant exceptions under N.D.R.Ev. 404(b).

[¶8] Smith presented his argument on appeal as whether the admission of the web browsing evidence was prohibited under N.D.R.Ev. 404. However, Smith failed to appropriately raise this issue before the district court. Smith requested the court exclude the evidence under N.D.R.Ev. 401 and 403 in his motion in limine. He did not argue the evidence should be excluded under N.D.R.Ev. 404. The State gave notice of its intent to use Rule 404(b) evidence, but Smith did not respond to the State's notice.

[¶9] Smith raised N.D.R.Ev. 404 for the first time during the hearing on his motion and admitted he did not argue the evidence would violate N.D.R.Ev. 404 in his motion. The district court advised Smith he would be allowed to address N.D.R.Ev. 404(b) for purposes of addressing the State's argument that the evidence was relevant to prove state of mind, motive, intent, and absence of mistake or accident, but cautioned that if Smith was

going to go further he should make a written response to the State's Rule 404(b) notice. The court also stated it did not want the hearing to turn into a Rule 404(b) motion hearing and would permit argument only "for the purposes of the motion in limine today." The court continued, "We're not going to go into the full scale argument on that and the Court make any decision one way or another at this point." Smith argued the evidence was not relevant for motive or intent because the evidence did not show any indication of pedophilia, and he stated he would skip the rest of his argument about N.D.R.Ev. 404(b) and indicated it might be better addressed at a later time. The State argued the evidence was relevant to show Smith's conduct was not an accident.

[¶10] Smith never filed a written response to the State's Rule 404(b) notice and did not file any other motions related to this evidence. Smith did not request the court exclude the evidence under N.D.R.Ev. 404.

[¶11] On appeal, Smith claimed he objected to the admission of the evidence at trial by stating that he wanted to preserve the objections he made at previous hearings. However, that statement was made during a discussion of a different issue:

> THE STATE: It's just to let the Court and defense counsel know that at this time I'm going to be using, I guess, the order that the Court had issued under 803(24) regarding the child's statement about sexual abuse. The Court ruled that the out-of-court statements were admissible here today and we've satisfied the requirement that the child testify at trial, so the State is just letting the Court know the plan so we don't have to have too much uphill issues in front of the jury.
> THE COURT: All right. Anything for the record, [Smith], regarding objections to preserve any issues?
> SMITH'S ATTORNEY: The Court has already ruled on this issue. I would simply reserve the objections I previously made in prior hearings.

The objection also was not near in time to testimony about the web search history. Smith's request to preserve prior objections occurred after the child testified, and the testimony about the web browser history was not

presented until the next day. Smith's reservation of his prior objections related to the admissibility of out-of-court statements and not the evidence about the web browsing history. Smith has not directed us to any other place in the trial transcript showing he objected or preserved any prior objections to the evidence about the web browsing history. Smith did not object to the evidence during the trial.

[¶12] We have long held that issues not raised or considered in the district court cannot be raised for the first time on appeal. *State v. Dockter*, 2019 ND 203, ¶ 8, 932 N.W.2d 98. We have explained:

> The purpose of an appeal is not to give the appellant an opportunity to develop new strategies or theories; rather, the purpose is to review the actions of the district court. The requirement that a party first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision.

*Id.* (quoting *Moe v. State*, 2015 ND 93, ¶ 11, 862 N.W.2d 510) (citations and quotations omitted).

[¶13] In *State v. Brewer*, 2017 ND 95, ¶ 4, 893 N.W.2d 184, we explained objections to evidence under N.D.R.Ev. 403 and 404(b) must be made during the trial or the claim of error will be waived:

> We have long held that an effective appeal of any issue must be appropriately raised in the trial court in order for us to intelligently rule on it. Under N.D.R.Ev. 103(a)(1), error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context. A motion in limine seeking an evidentiary ruling must be decided without the benefit of evaluating the evidence in the context of trial. A renewed objection at the time the evidence is offered focuses the court on the objection in the trial context at which time both the

> relevance and the potential for prejudice will be more discernable. A failure to object at trial acts as a waiver of the claim of error.

*Id.* (quoting *State v. Steen*, 2015 ND 66, ¶ 5, 860 N.W.2d 470).

[¶14] By failing to move to exclude the evidence of the web browser history under N.D.R.Ev. 404 in a motion in limine and to object at trial, Smith failed to give the district court an opportunity to rule on this issue. Smith forfeited the issue, and the issue can be reviewed only for obvious error. *See State v. Morales*, 2019 ND 206, ¶ 24, 932 N.W.2d 106. To establish obvious error, the defendant has the burden to show: (1) error, (2) that was plain, and (3) that affected his substantial rights. *Id.*

[¶15] However, Smith did not argue on appeal that the alleged error constituted an obvious error. The defendant has the burden to show an obvious error that affects his substantial rights, and we are not required to exercise our discretion to notice obvious error when the defendant has not raised an issue about obvious error on appeal. *See, e.g., Dockter*, 2019 ND 203, ¶ 9, 932 N.W.2d 98; *State v. Rourke*, 2017 ND 102, ¶ 8, 893 N.W.2d 176.

[¶16] Because Smith did not raise this issue before the district court and failed to argue on appeal that the admission of the web browser history evidence was obvious error, we will not address his argument.

III

[¶17] Smith argues the district court erred by failing to give the jury an instruction limiting the permissible use of the web browser history evidence. He contends this case is similar to *Aabrekke*, 2011 ND 131, 800 N.W.2d 284, and his conviction must be reversed because a limiting instruction was not given.

[¶18] In *Aabrekke*, 2011 ND 131, ¶ 2, 800 N.W.2d 284, the defendant moved to exclude evidence of prior bad acts before trial, and the district court denied the pretrial motion, ruling the evidence was admissible to show

5

motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The defendant also objected to the testimony during the trial, but this Court noted the record did not reflect that the district court gave, or that either counsel requested, an instruction on the limited use of the prior bad act evidence. *Id.* at ¶¶ 3, 15. We said the court is required to conduct the necessary analysis under N.D.R.Ev. 404(b) and 403 and provide appropriate limiting instructions for the permissible purpose for the prior bad acts evidence. *Id.* at ¶ 15. This Court explained the evidence was offered for an allowable reason under N.D.R.Ev. 404(b), but the district court did not conduct any further analysis under N.D.R.Ev. 404(b), do the required balancing under N.D.R.Ev. 403(b), or give a limiting instruction. *Id.* We said, "Because of the dangers inherent in admitting evidence of prior bad acts to show propensity and a district court's obligation to ensure a defendant receives a fair trial, the court should have given a cautionary instruction during trial and in its final instructions." *Id.* This Court reversed the judgment and remanded for a new trial, holding the district court misapplied the law by admitting evidence of prior bad acts without conducting the necessary analysis under N.D.R.Ev. 404(b) and 403 and without giving an instruction on the limited purpose of the evidence. *Id.* at ¶ 16.

[¶19] This case is different from *Aabrekke*. In *Aabrekke*, the defendant argued the evidence was not admissible under N.D.R.Ev. 404 before the district court, and we held the court failed to conduct the proper analysis for admission of the evidence in addition to failing to give a cautionary instruction. In this case, Smith did not object to the evidence or move to exclude the evidence under N.D.R.Ev. 404, and neither party requested a limiting or cautionary instruction. Although this Court said the district court should have given a cautionary instruction even though neither counsel requested an instruction, we did not reverse the judgment in *Aabrekke* solely because the district court failed to give an instruction. *See Aabrekke*, 2011 ND 131, ¶ 16, 800 N.W.2d 284. Smith has not cited any cases in which this Court or any other court has reversed a judgment because the district court did not give a limiting instruction *sua sponte* when the defendant did not object or move to exclude the prior bad act evidence.

Because the issue was never raised before the district court, the court was not on notice that a limiting instruction may be necessary.

[¶20] Under the facts and circumstances of this case, the district court did not err by failing to give a limiting instruction.

IV

[¶21] We affirm the judgment.

[¶22] Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Gerald W. VandeWalle, C.J.