# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 189

Marquis Smith,                                        Petitioner and Appellee

v.

State of North Dakota,                          Respondent and Appellant

## No. 20250127

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Lindsey R. Nieuwsma, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.

Opinion of the Court by Jensen, Chief Justice.

Kyle R. Craig, Minot, ND, for petitioner and appellee.

Isaac O. Lees (argued) and Gabrielle J. Goter (on brief), Assistant State's Attorneys, Bismarck, ND, for respondent and appellant.

**Jensen, Chief Justice.**

[¶1]   The State appeals from an order granting Marquis Smith's application for postconviction relief. The district court held Smith received ineffective assistance of counsel when his attorney failed to object to evidence the State offered at his trial under N.D.R.Ev. 404(b). We affirm in part, reverse in part, and remand for further proceedings, concluding: (1) the court's finding that trial counsel's representation fell below an objective standard of reasonableness under the first prong of the *Strickland* test was not clearly erroneous; (2) the court's conclusion Smith was prejudiced under *Strickland*'s second prong is insufficiently explained to permit appellate review; and (3) remand is appropriate to supplement the record and address all of the grounds Smith raised in his application.

I

[¶2]   In 2018, a jury convicted Smith on two felony counts of gross sexual imposition, finding Smith had sexual contact with the seven-year-old female child of his girlfriend. On direct appeal, this Court affirmed the judgment of conviction. *State v. Smith*, 2019 ND 239, ¶ 21, 934 N.W.2d 1. Smith was represented on his direct appeal by his trial counsel and argued the district court erred by failing to exclude evidence the State offered about Smith's pornographic website searches related to incest. We concluded Smith forfeited that issue by "failing to move to exclude the evidence of the web browser history under N.D.R.Ev. 404 in a motion in limine and to object at trial[.]" *Id.* ¶ 14. We declined to address whether the admission of the evidence was obvious error because Smith failed to develop an argument about obvious error on appeal. *Id.* ¶ 16.

[¶3]   Smith subsequently applied for postconviction relief arguing he received ineffective assistance of counsel for several reasons, including his counsel's failure to object at trial to the Rule 404(b) evidence and counsel's failure to argue on appeal the admission of the evidence was obvious error. Smith's application characterized the State's case—in the absence of the Rule 404(b) evidence—as consisting of little more than a child victim who repeatedly testified she could

not remember what had happened. The record reflects that during her testimony, the child victim correctly identified the setting where the sexual contact occurred, what she was doing at the time, what she was wearing, some of the clothing Smith was wearing, Smith as the adult present, and that something bad happened she did not want to discuss. She also identified Smith in the courtroom, and testified she told her mother and a child forensic interviewer about the bad thing that had happened to her.

[¶4]   The State introduced a video recording of the forensic child interview as well as testimony from the interviewer explaining aspects of the recording. In addition, the mother testified her daughter told her what had happened at the earliest opportunity; this disclosure was witnessed by the child's babysitter, who also testified. The evidence also included: (1) Smith contacting the child's mother *before* the child told her about the incident to tell her the child was going to claim she touched his penis, but that the claim would be untrue; (2) what could be construed as an inconsistency between Smith claiming the incident never happened, but if it did happen he mistook the seven-year-old child for his girlfriend because he had taken a small amount of codeine in cough syrup for a toothache; (3) what the State characterized as a "partial confession" when Smith referred to touching the child before the police had told him the child had reported that particular act of sexual contact; (4) Smith acknowledging the incident occurred (despite passing it off as an "accident"); and (5) evidence impeaching Smith's credibility in the nature of testimony about recovered videos of Smith's girlfriend's children bathing—which Smith had deleted from his phone—coupled with Smith claiming he never bathed the children outside his girlfriend's presence, but the girlfriend denying knowledge of the videos.

[¶5]   In addition, the State's introduction of the pornographic website searches consisted of less than two pages of a 284-page trial transcript. The State neither relied upon nor mentioned the pornographic website searches in closing argument.

[¶6] After an evidentiary hearing, the district court granted Smith's application. Applying the two-prong test under *Strickland v. Washington*, 466 U.S. 668 (1984), the court held trial counsel's failure to present an adequate pretrial

2

objection, failure to object at trial, and failure to request a limiting or cautionary instruction on the pornographic website search evidence all constituted legal errors which fell below an objective standard of reasonableness under *Strickland*'s first prong. In doing so, the district court relied in large part on this Court's decision in *Brewer v. State*, 2019 ND 69, 924 N.W.2d 87.

[¶7] With respect to *Strickland*'s second prejudice prong, the district court's analysis consisted of two paragraphs that did not include an explicit assessment of the remaining evidence presented against Smith in the absence of the pornographic website search evidence. Rather, the court summarily concluded: "As in *Brewer*, Mr. Smith 'was prejudiced by the failure to object at trial regardless of whether the objection would have been sustained or overruled.' . . . It is abundantly clear that these omissions were prejudicial to Mr. Smith, both at the district court level and on appeal."

[¶8] The State filed a timely appeal of the order granting Smith's application for postconviction relief.

II

[¶9] The State first argues the district court erred by finding Smith satisfied the first prong of the *Strickland* test. "The question of ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal." *Thomas v. State*, 2021 ND 173, ¶ 7, 964 N.W.2d 739. The court's findings of fact regarding a claim of ineffective assistance of counsel will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). *Brewer*, 2019 ND 69, ¶ 4. "A finding is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made." *Id*. (quoting *Middleton v. State*, 2014 ND 144, ¶ 5, 849 N.W.2d 196).

[¶10] In *Brewer*, trial counsel brought a pretrial motion in limine to exclude Rule 404(b) evidence in a gross sexual imposition case, the motion in limine was denied, and then counsel failed to renew the objection at trial when the State offered the evidence. *Brewer*, 2019 ND 69, ¶ 2. This Court "conclude[d] failing to

3

object at trial because of reliance on the record made in a pretrial motion is a basic legal error that satisfies *Strickland*'s prong one." *Id.* ¶ 8.

[¶11] The errors here went beyond those involved in *Brewer*. Counsel not only failed to object to the Rule 404(b) evidence when it was offered at trial, but failed to attempt to exclude the evidence under Rule 404(b) prior to trial. Counsel had filed a pretrial motion in limine requesting exclusion of the pornographic website search evidence under Rules 401 and 403 of the North Dakota Rules of Evidence. After the State filed a notice of intent to use the evidence under Rule 404(b), the trial court advised counsel it would not consider the Rule 404(b) issue in the pending motion in limine and told counsel it would address the Rule 404(b) issue if and when a written response was filed to the State's notice of intent. Counsel never filed a written response to the State's notice of intent. Counsel then failed to object at trial when the State offered the evidence, either within or outside the presence of the jury. He also failed to request a curative or limiting instruction after the State introduced the evidence at trial. Finally, on direct appeal, counsel failed to develop an argument about obvious error.

[¶12] Counsel's cumulative failures prevented both the trial court and this Court from conducting the full Rule 404(b) analysis that this Court has repeatedly emphasized must be performed. *See, e.g.*, *Brewer*, 2019 ND 69, ¶ 15 (collecting cases where criminal convictions were reversed due to the lack of a proper Rule 404(b) analysis). Counsel's errors satisfy *Strickland*'s first prong. The district court did not err when it concluded counsel's representation fell below an objective standard of reasonableness.

III

[¶13] The State next argues the district court erred by concluding Smith satisfied *Strickland*'s prejudice prong. Under *Strickland*'s second prong, an applicant for postconviction relief must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Importantly, "the prejudicial effect of counsel's errors *must* be assessed within the context of the remaining evidence properly presented and the overall conduct of the trial." *Brewer*, 2019 ND 69, ¶ 9 (emphasis

4

added) (cleaned up). To evaluate a claim of prejudice, the "court considers not only the evidence introduced up to that point in the trial, but must consider the probability of a different result in light of the evidence presented and the overall conduct of the entire trial before and after the claimed error." *Id.*

[¶14] The record does not reflect that the district court conducted the required assessment of the evidence before concluding counsel's errors prejudiced Smith and changed the outcome of the proceeding. Instead, the record suggests the district court may have interpreted some of this Court's past decisions referring to the "inherent prejudicial effect" of Rule 404(b) evidence as adopting a per se rule of prejudice under *Strickland*. *See, e.g.*, *State v. Osier*, 1997 ND 170, ¶ 4, 569 N.W.2d 441 (noting that Rule 404(b) "acknowledges the inherent prejudicial effect prior bad act evidence may have on the trier of fact"); *State v. Shaw*, 2016 ND 171, ¶ 7, 883 N.W.2d 889 (same).

[¶15] Our past comments about the prejudice inherent in Rule 404(b) evidence have been made to explain the importance of conducting the obligatory three-step analysis required by Rule 404(b) and—even when the evidence meets that test—the need to perform Rule 403's balancing test to determine if the evidence should still be excluded because of the danger of unfair prejudice. But we have not adopted a per se rule of prejudice under *Strickland* when prejudicial evidence is admitted under Rule 404(b). "Even when the district court errs by failing to make a record of the Rule 404(b) three-step analysis and Rule 403 balancing test, the error may be harmless if there is sufficient evidence to support the conviction independent from the prior bad acts evidence." *State v. Van Halsey*, 2022 ND 31, ¶ 21, 970 N.W.2d 227.

[¶16] Prejudice under Rule 404(b) and prejudice under the second prong of *Strickland* involve different legal standards in different contexts. Rule 404(b), in relevant part, focuses on whether the probative value of prior bad acts is substantially outweighed by the danger of unfair prejudice under Rule 403. *Strickland*'s second prong, on the other hand, evaluates whether counsel's deficient performance prejudiced a defendant by showing a reasonable probability the outcome of the proceeding would have been different. The prejudice of the erroneous admission of Rule 404(b) evidence, in the *Strickland*

context, still requires a court to assess "the probability of a different result in light of the evidence presented and the overall conduct of the entire trial before and after the claimed error." *Brewer*, 2019 ND 69, ¶ 9. In *Brewer*, we discussed the admission of the Rule 404(b) evidence in the context of the overall trial before concluding its admission undermined our confidence in the verdict. *See id.* ¶ 13.

[¶17] The district court erred when it concluded Smith was prejudiced by counsel's errors without first conducting the required assessment of the remaining evidence and overall conduct of the trial under *Strickland*'s prejudice prong.

IV

[¶18] After Smith's application for postconviction relief was filed, but before the court issued its order granting the application, the video recording of the child victim's forensic interview was destroyed, presumably pursuant to N.D.R.Ct. 6.4. If the existing record can be supplemented with the video, the video will be an important piece of evidence to consider when conducting the assessment required under *Strickland*'s prejudice prong.

[¶19] At oral argument, the State indicated the video recording of the forensic interview may still be available. The Uniform Postconviction Procedure Act encourages the introduction of additional evidence to evaluate claims, when necessary. *See Overlie v. State*, 2011 ND 191, ¶ 13, 804 N.W.2d 50; *see also State v. Frederick*, 2023 ND 77, ¶¶ 13-14, 989 N.W.2d 504 (discussing the parties' ability to reconstruct or supplement an inadequate record that may affect a defendant's substantial rights). We decline to conduct our own assessment of the evidence under *Strickland*'s prejudice prong when there is a possibility the record can be supplemented with the video recording. Instead, we remand this case to the district court to supplement the record with the video recording of the forensic interview, if possible, before performing the assessment required under *Strickland*'s prejudice prong.

## V

[¶20] We affirm the district court's determination that Smith's counsel's representation fell below an objective standard of reasonableness. We reverse the court's determination that Smith demonstrated he was prejudiced by counsel's errors because the court failed to assess the prejudicial effect of counsel's errors within the context of the remaining evidence properly presented and the overall conduct of the trial. We remand with instructions to supplement the record, if possible, before conducting the assessment required under *Strickland*'s prejudice prong.

[¶21] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr